A93A0509. RAULS v. THE STATE.
(432 SE2d 677)

SMITH, Judge.

James Franklin Rauls was tried before a jury and found guilty of one count of selling crack cocaine. He appeals from the judgment of conviction and sentence entered by the trial court on the jury's verdict of guilty.

1. When the State tendered the cocaine purchased by the investigating officer, Rauls objected on the basis that the officer had no personal knowledge that these items were the same as those purchased. The trial court overruled this objection, and this evidentiary ruling is enumerated as error.

The officer explained the procedures employed to protect the in-

tegrity of the chain of custody. An evidence receipt is placed in the evidence bag with the cocaine, and the bag is sealed. When the sealed bag is received at the state crime lab, it is assigned a unique number, and a copy of the evidence receipt with that unique number is returned to the police. The returned receipt in this case had a state crime lab designation matching the lab report that identified as cocaine the substance purchased by the officer and submitted by him for testing. This was adequate to establish chain of custody with reasonable certainty. *Mathis v. State*, 204 Ga. App. 244 (1) (418 SE2d 800) (1992).

2. The State tendered a still photograph made from a videotape of the sale. Rauls objected that this photograph was cumulative, was out of context, and overemphasized that particular frame of the entire video. The photograph was nevertheless admitted, and this evidentiary ruling is enumerated as error.

As to the admissibility in general of computer-enhanced photographs made from videos, see *English v. State*, 205 Ga. App. 599, 600 (1) (422 SE2d 924) (1992). However, appellant's stated objections were nothing more than a complaint that a contemporaneous photograph of the drug seller was more prejudicial than probative. This is entirely too vague and general to present any question for determination by the trial court, and the overruling of this objection did not constitute reversible error. *Sultenfuss v. State*, 185 Ga. App. 47, 49 (4) (363 SE2d 337) (1987).

3. Appellant enumerates the general grounds.

The in-court identification of Rauls as the seller of the crack cocaine was sufficient to authorize a rational trier of fact reasonably to find proof of his guilt beyond a reasonable doubt. *Hill v. State*, 205 Ga. App. 475, 476 (1) (422 SE2d 564) (1992).

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED JUNE 17, 1993.

*Clyde M. Urquhart*, for appellant.

*W. Glenn Thomas, Jr.*, District Attorney, *C. Keith Higgins*, Assistant District Attorney, for appellee.