S94A0766. LOWE v. THE STATE.
S94A0868. FORD v. THE STATE.
(452 SE2d 90)

FLETCHER, Justice.

David Lowe was convicted of the malice murder of Dexter Harper and aggravated assault of Harper and Henrico Morant. Keith Ford was convicted of the felony murder and aggravated assault of Harper and the aggravated assault of Morant. Lowe was sentenced to life imprisonment and to a consecutive 20-year term for the assault of Morant. Ford was sentenced to life imprisonment for the felony murder and to a consecutive 20-year term for the assault of Morant.[1] We

---

[1] The crimes occurred on July 31, 1990. Lowe and Ford were indicted on October 2, 1990. On March 15, 1991 the jury returned guilty verdicts and the court sentenced Lowe and Ford. Lowe and Ford filed motions for new trial on April 12, 1991. Lowe amended his motion on October 13 and October 16, 1992. Ford amended his motion on May 24, 1992. The trial court denied the motions on December 7, 1993. Lowe and Ford filed their notices of appeal on December 27, 1993. The appeal was submitted for decision without oral argument on May 16, 1994.

affirm.

Lowe and Ford were with friends in a lounge. Harper and Morant were in the same lounge with their friends. Shortly after Harper and Morant's group left the lounge, Lowe and Ford's group was asked to leave the lounge. In the parking lot, a member of Lowe and Ford's group started a fight with Harper and Morant's group. The fight escalated and both Lowe and Ford participated in the shootings, which left Harper dead and Morant wounded. Lowe and Ford were apprehended at the scene.

1. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Lowe and Ford guilty of the crimes charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Both Lowe and Ford contend that the in-court identifications by eyewitnesses were tainted by suggestive show-ups at the scene, at the police department the night of the murder, and at the preliminary hearing and, thus, should not have been allowed. In exercising its discretion whether an in-court identification was tainted by a pre-trial defect, the trial court must examine the totality of the circumstances. *Neil v. Biggers*, 409 U. S. 188, 199 (93 SC 375, 34 LE2d 401) (1972). The court should consider: (1) the opportunity of the witness to view the perpetrator at the time of the crime; (2) the witness' degree of attention; (3) the accuracy of the witness' prior description of the defendant; (4) the level of certainty demonstrated by the witness; and (5) the length of the time between the crime and confrontation. Id. In evaluating these factors, the trial court is the trier of fact and must judge the credibility of the witnesses and the weight and conflict in the evidence. Where evidence supports the trial court's ruling, we will not disturb that ruling.

The trial court conducted hearings outside the presence of the jury prior to permitting the witnesses to make in-court identifications. The trial court permitted extensive examination and cross-examination of these witnesses and considered the factors outlined in *Neil*. Based upon these hearings, the court permitted some in-court identifications and prohibited others. After reviewing the extensive record, we cannot say the trial court committed reversible error in permitting the witnesses to make in-court identifications.

3. Both Lowe and Ford assert they were deprived of their sixth amendment right to counsel due to the ineffective assistance of their respective trial counsel. A defendant has two burdens in establishing a claim of ineffective assistance. *Strickland v. Washington*, 466 U. S. 668, 686 (104 SC 2052, 80 LE2d 674) (1984); *Smith v. Francis*, 253 Ga. 782, 783 (325 SE2d 362) (1985). First, he must show that counsel's performance was deficient; second, the defendant is required to show that he was prejudiced by counsel's deficient performance.

*Strickland*, 466 U. S. at 687. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Id. at 691.

> It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding. Virtually every act or omission of counsel would meet that test and not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding.

(Citation omitted.) Id. at 693.

Lowe and Ford both contend their trial counsel were deficient in failing to consult with them about requesting a charge of voluntary manslaughter. At the hearing on the motion for new trial, however, Ford's counsel and Lowe's counsel testified that Ford and Lowe were advised on this issue and that each decided not to request a voluntary manslaughter charge because he believed that the state could not prove murder. Lowe and Ford's trial counsel were not ineffective in failing to request such a charge. See *Van Alstine v. State*, 263 Ga. 1 (426 SE2d 360) (1993).

Lowe also contends his counsel was ineffective because he developed a poor relationship with jurors during voir dire, he demonstrated a failure to keep abreast of developments in the case by asking about scheduling a *Jackson-Denno* hearing when one had already been scheduled, and, in cross-examining a witness who identified Lowe, he failed to underscore the alleged inconsistency of the direct testimony that a person wearing brown, not beige, was in possession of a nine millimeter pistol. Lowe, however, has not established that this conduct falls below the "wide range of reasonable professional conduct" or that but for this conduct, the outcome would have been different. *Smith*, 253 Ga. at 783-784. Lowe also charges that his trial counsel was absent from the trial due to repeated trips to the rest room. At the hearing on the motion for new trial, Lowe's trial counsel testified that as a result of medication he was extremely thirsty and drank a lot of water during trial. He testified that he left the courtroom briefly on three occasions, but that he timed his trips to the rest room for the conclusion of witness' testimony, so he could return to the courtroom just as the next witness was being sworn in. He also testified that he timed his trips for eyewitnesses that were identifying Lowe's co-defendants and not Lowe. Under these circumstances, Lowe has failed to demonstrate that his counsel's brief absences during non-critical moments rendered him ineffective or that the absences prejudiced Lowe's case.

Finally, Lowe contends his trial counsel was ineffective in failing to cross-examine Morant, the victim of the aggravated assault, in the hearing to determine whether Morant would be allowed to identify Lowe in court. The trial court did not permit Morant to identify Lowe; therefore, trial counsel's failure to cross-examine Morant did not prejudice Lowe's case.

Ford also charges that his counsel was ineffective due to the "unreasonable" trial schedule imposed by the court. At the hearing on the motion for new trial, his trial counsel testified that she was not given sufficient time to make arguments on objections. Ford, however, has not demonstrated that the failure to make a particular objection or argument resulted in prejudice to him.

Ford's trial counsel also testified that she was tired during trial. The trial lasted 12 days. The trial judge balanced the schedule by excusing counsel and jurors early on some days and by holding court a few hours on the weekend, so that extremely long days in trial were avoided. We decline to hold that such a trial schedule must render counsel ineffective.

4. Ford contends that the trial court erred in admitting as part of the immediate circumstances of the shooting, the hearsay statement of a witness that "one of them has a gun." Ford does not suggest how this statement, which did not directly implicate him, was prejudicial to him. Furthermore, the person to whom the statement was attributed testified at trial. There was no error in the admission of the statement.

*Judgments affirmed. All the Justices concur. Sears, J., disqualified.*

DECIDED NOVEMBER 21, 1994 — RECONSIDERATIONS DENIED DECEMBER 2, 1994 AND DECEMBER 20, 1994.

*Smith, White, Sharma & Halpern, Jonathan Goldberg,* for appellant (case no. S94A0766).

*John D J Bloodworth,* for appellant (case no. S94A0868).

*Lewis R. Slaton, District Attorney, Carl P. Greenberg, Suzanne W. Ockleberry, Herman L. Sloan, Assistant District Attorneys, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Rachelle L. Strausner, Assistant Attorney General,* for appellee.