A97A2215. FLEMISTER v. THE STATE.
(492 SE2d 907)

MCMURRAY, Presiding Judge.
   Defendant was charged in an indictment with a single count of violating the Georgia Controlled Substances Act (selling cocaine). The evidence adduced at his jury trial revealed that Georgia State Patrol Trooper Shurron Green, then with the Coweta County Sheriff's Department, used a confidential informant to make a controlled buy of crack cocaine in Troup County, Georgia. Trooper Green identified defendant as the seller. The chunky material received from defendant tested "positive for cocaine."
   Although defendant took the stand and denied selling cocaine in front of Trooper Green, the jury found him guilty as charged. Defendant's motion for new trial was denied and this appeal followed. *Held*:
   1. Defendant enumerates the general grounds.
   "The testimony of a single witness is generally sufficient to establish a fact." OCGA § 24-4-8. "In the case sub judice, the in-court identification of defendant as the seller . . . is sufficient to authorize the jury's finding that defendant is guilty beyond a reasonable doubt of selling crack cocaine as alleged in the indictment. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Rauls v. State*, 209 Ga. App. 101, 102 (2) (432 SE2d 677)." *Moreland v. State*, 213 Ga. App. 75 (1) (443 SE2d 701).
   2. Defendant further contends the trial court erred in overruling his motion for new trial on the special ground of ineffective assistance of counsel. He argues trial counsel was deficient in "failing to interview the prosecuting officer prior to trial; in failing to advise [defendant] how to testify on the witness stand; in failing to present a material witness; in failing to obtain a continuance to locate a subpoenaed material witness for the defense; and in failing to offer . . . mitigating evidence or character evidence at sentencing."

At the hearing on defendant's motion, trial counsel defended his decision not to call the confidential informant, despite having had a subpoena issued, "because he [the informant] had given two different statements[, which] in [counsel's] view, it hurt [his client's case] more than it helped. . . ." Moreover, defendant's trial counsel, in the case sub judice, had put up another witness who "could testify to essentially the same facts . . ." as the confidential informant, and whose testimony tended to impeach that of Trooper Green. Trial counsel also prepared defendant prior to defendant's testifying on his own behalf. The reason trial counsel did not put up any character witnesses "is because he [defendant] had [a] previous cocaine possession." Counsel did not interview Trooper Green before trial, but testified that he "tried to call him a number of times and . . . couldn't get him."

"When inadequate representation is alleged, the critical factual inquiry ordinarily relates to whether the defendant had a defense which was not presented; whether trial counsel consulted sufficiently with the accused, and adequately investigated the facts and the law; and whether the omissions charged to trial counsel resulted from inadequate preparation rather than from unwise choices of trial tactics and strategy. Generally, the burden is on the defendant claiming ineffectiveness of counsel to establish (1) his attorney's representation in specified instances fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. The trial court's determination that an accused has not been denied effective assistance of counsel will be affirmed on appeal unless that determination is clearly erroneous." (Citations and punctuation omitted.) *Johnson v. State*, 214 Ga. App. 77 (1) (447 SE2d 74).

In the case sub judice, "[i]t is not necessary to address specifically and individually each and every one of [defendant's] numerous instances of challenged trial tactics. It is sufficient to note that 'strategic choices (made) after thorough investigation . . . are virtually unchallengeable.' *Strickland* [*v. Washington*, 466 U. S. 668, 690 (104 SC 2052, 80 LE2d 674)]. [Cit.]" *Stephens v. State*, 265 Ga. 120, 121 (2), 122 (453 SE2d 443). "We have reviewed the transcript of that hearing (at which trial counsel testified) and find sufficient evidence to support the trial court's conclusion that [defendant] failed to show ineffectiveness under the standards of *Strickland v. Washington*, [supra]. See also *Ferrell v. State*, 261 Ga. 115, 119 (3) (401 SE2d 741) (1991)." *Scott v. State*, 263 Ga. 300 (2) (432 SE2d 107). This enumeration is without merit.

*Judgment affirmed. Beasley and Smith, JJ., concur.*

DECIDED OCTOBER 22, 1997.

*Kenneth D. Teal*, for appellant.
*Peter J. Skandalakis, District Attorney, Brett E. Pinion, Assistant District Attorney*, for appellee.