## A01A2428. QUINN v. THE STATE.
### (560 SE2d 58)

MIKELL, Judge.

A jury convicted Emanuel Quinn of selling cocaine in violation of OCGA § 16-13-30. He was sentenced to seven years confinement. The trial court appointed counsel to assist Quinn at trial, but Quinn elected to conduct his own defense. On appeal, Quinn is represented by counsel, who contends that the trial court erred in denying Quinn's motion for new trial. Quinn argues that a videotape was erroneously admitted into evidence and that he was not sufficiently identified as the person selling cocaine. We affirm the conviction.

Viewed in the light most favorable to the jury's verdict, the record shows that Officer James E. Mason, a narcotics agent with the Oconee Drug Task Force, participated in an undercover drug operation in Lumber City, Georgia, on May 15, 1998. Mason testified that he met with Irvin Foskey, a confidential informant, on that day. The

---

[8] See OCGA § 15-11-55 (2) (B).
[9] *In the Interest of M. L. C.,* supra.

authorities searched Foskey and his vehicle and found no contraband. Next, Mason wired Foskey's vehicle with a videocamera and gave the informant $20 in state funds with which to make a drug purchase. The officer testified that Foskey drove into Lumber City, purchased crack cocaine, and returned to the task force. Upon his return, Foskey gave Mason the suspected crack cocaine he had purchased. The substance tested positive for cocaine at the State Crime Lab. According to Mason, the videocamera in Foskey's vehicle recorded the events from the time he left the task force until he returned. Mason testified that the tape showed Foskey riding down a city street, making contact with a black male in a white vehicle, and purchasing a rock of crack cocaine from the man. Mason further testified that the man stated on the tape that he had been "laying low" because the police had raided the home of his brother-in-law two weeks prior to the sale. Mason explained that a search warrant had been executed at the home of Goldie Stegall, Quinn's brother-in-law, ten days before Foskey made the purchase.

At trial, Foskey positively identified Quinn as the man from whom he purchased the crack cocaine. He testified that he had bought drugs from Quinn on prior occasions, but those transactions had not been recorded.[1] Foskey testified that he knew that his vehicle had been wired and that there was a tape in the videocamera. He identified the tape, which was admitted into evidence. The tape was played for the jury. Afterward, Foskey testified that he recognized Quinn's voice on the tape and again positively identified Quinn.

Chief Jimmy Adams of the Lumber City Police Department testified to the following: that he had known Quinn for a number of years; that he viewed the videotape of Foskey's transaction with Quinn; that he recognized Quinn's face and voice on the tape; and that he had seen Quinn operating a white vehicle with a Florida tag and had observed the vehicle parked at what appeared to be Quinn's residence. Chief Adams also positively identified Quinn in the courtroom.

Quinn took the stand in his own defense. He claimed that he had been misidentified. He also denied selling the crack cocaine to Foskey on the day in question and suggested that the police may have mistaken his nephew for him.

During the jury's deliberation, the court played the videotape two additional times at the jurors' request without objection. Additionally, the court granted the jury's request to listen to a tape of

---

[1] On appeal, Quinn mistakenly contends that Foskey testified that the transaction at issue was not recorded on the videotape. It is clear from the record that Quinn misunderstood Foskey's testimony, in which the witness stated that *prior* drug purchases from Quinn had not been recorded.

Officer Mason's testimony. After the jury reheard Mason's testimony, the court gave a cautionary instruction reminding the jurors of their duty to consider all of the evidence presented.

1. First, Quinn challenges the sufficiency of the evidence identifying him as the individual who sold Foskey the crack cocaine. This argument is without merit.

On appeal from a criminal conviction, the evidence is viewed in the light most favorable to the verdict. *Paul v. State*, 231 Ga. App. 528 (499 SE2d 914) (1998). We do not weigh the evidence or determine witness credibility but only determine whether the evidence is sufficient under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Williams v. State*, 233 Ga. App. 217 (1) (504 SE2d 53) (1998).

There was ample evidence to show that Quinn was the man who sold cocaine to Foskey. First, Foskey himself positively identified Quinn.

> "The testimony of a single witness is generally sufficient to establish a fact." OCGA § 24-4-8. . . . [T]he in-court identification of defendant as the seller is sufficient under the standard of *Jackson v. Virginia*, [supra,] to authorize the jury's verdict that defendant is guilty, beyond a reasonable doubt, of selling crack cocaine as alleged in the indictment. *Flemister v. State*, 229 Ga. App. 8 (1) (492 SE2d 907) [(1997)]; *Rauls v. State*, 209 Ga. App. 101, 102 (2) (432 SE2d 677) [(1993)].

*James v. State*, 233 Ga. App. 516, 519 (2) (504 SE2d 533) (1998). Additionally, the jury had the opportunity to view the videotape and to observe Quinn in the courtroom and could make their own identification from the tape. Finally, Officer Mason and Chief Adams identified Quinn from the videotape. Accordingly, we conclude that there was sufficient evidence to support both the identification of Quinn as the person who sold cocaine to Foskey and the resulting conviction.

2. In several related errors, Quinn argues that the court erred in admitting the videotape of the transaction. This argument was waived by Quinn's failure to object to the admission of the videotape during the trial or to the tape being played two additional times during the jury's deliberation. In fact, when asked by the court if he objected to the tape being played during the jury's deliberation, Quinn answered that he did not. "The failure to object to the admission of evidence at trial constitutes a waiver of the right to raise the issue on appeal." *Rhodes v. State*, 271 Ga. 481, 482 (2) (521 SE2d 579)

(1999). See also *Spear v. State*, 270 Ga. 628, 631-632 (5) (513 SE2d 489) (1999).

Furthermore, Quinn's pro se status did not relieve him of his obligation to object to the admission of the tape. "[Quinn] is not held to a different or more lenient standard in this regard merely because he elected to proceed pro se. One who knowingly elects to represent himself assumes full responsibility for complying with the substantive and procedural requirements of the law." *Cammon v. State*, 227 Ga. App. 774, 775 (2) (490 SE2d 529) (1997). Accordingly, Quinn's remaining errors present nothing for our review, and the conviction is affirmed.

*Judgment affirmed. Blackburn, C. J., and Pope, P. J., concur.*

DECIDED FEBRUARY 1, 2002.

*Walter E. Baker*, for appellant.
*Timothy G. Vaughn, District Attorney, Russell P. Spivey, James E. Turk, Assistant District Attorneys*, for appellee.