## A02A2242. MICKEL v. THE STATE.
### (571 SE2d 439)

BLACKBURN, Chief Judge.

Following a jury trial, Romon Mickel appeals his conviction for two counts of the sale of cocaine, contending that: (1) the evidence was insufficient to support the verdict and (2) the trial court erred by admitting an in-court identification by an undercover officer who set up the drug sales. For the reasons set forth below, we affirm.

1. Mickel contends the evidence was insufficient to support the verdict. We disagree.

> On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia.*[1] Conflicts in the testimony of the witnesses, including the State's witnesses, [are] a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld. The testimony of a single witness is generally sufficient to establish a fact.

(Footnotes omitted.) *Phagan v. State.*[2]

Viewing the evidence in this light, the record shows that, on the night of November 15, 1999, Latrecia Wilson, an undercover agent

---

[1] *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[2] *Phagan v. State,* 243 Ga. App. 568, 569-570 (2) (533 SE2d 757) (2000).

for the Multi-Agency Crack Enforcement Team, and a confidential source went to the home of Willie Mae Brown to purchase drugs. Brown, who did not have a phone in her trailer, left briefly to call a man she referred to as "D." Soon thereafter, D drove up to the trailer in a white sedan and sold crack cocaine to Agent Wilson.

On November 29, 1999, Agent Wilson and the confidential source returned to Brown's home and again informed Brown that they wanted to purchase crack cocaine. Once again, Brown left briefly to call D. When D arrived in the white sedan, he was accompanied by two other men, both of whom wanted to sell crack cocaine to Agent Wilson. D then chose which man got to complete the sale, the sale was consummated, and the parties left the home.

Directly after the drug buy, Agent Wilson contacted other officers who were watching the trailer. She indicated that D had gold teeth and that he was wearing a white t-shirt and a hat. Another officer who was nearby then pulled over the white car in which D was riding. This officer identified Mickel as the occupant in the car with a gold tooth and wearing a white t-shirt and hat. At trial, Agent Wilson positively identified Mickel as the man who sold her crack cocaine on November 15, 1999, and who directly participated in the sale on November 29, 1999.

This evidence amply supports the verdict. *Jackson*, supra.

2. Mickel contends that the trial court erred by admitting Agent Wilson's in-court identification of him. We disagree.

Mickel argues that Agent Wilson's in-court identification was tainted by the fact that, to prepare for trial, she reviewed a photograph of Mickel with his name written on it. Mickel complains that this review was impermissibly suggestive. However,

> [c]onvictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. Moreover, even if a pretrial identification is tainted, an in-court identification is not constitutionally inadmissible if it does not depend upon the prior identification but has an independent origin.

(Citations and punctuation omitted.) *Quijano v. State.*[3]

During cross-examination, Agent Wilson testified that there was absolutely no chance that her review of Mickel's picture affected her

---

[3] *Quijano v. State*, 271 Ga. 181, 184 (3) (516 SE2d 81) (1999).

independent memory of the defendant. As such, Mickel's enumeration lacks merit.

*Judgment affirmed. Johnson, P. J., and Miller, J., concur.*

DECIDED SEPTEMBER 17, 2002.

*Chestley N. Merritt*, for appellant.

*J. Thomas Durden, Jr.*, District Attorney, *Henry P. Smith*, Assistant District Attorney, for appellee.