## A02A1506. JONCAMLAE v. THE STATE.
## A02A1507. ZUNIGA v. THE STATE.
### (571 SE2d 461)

ELDRIDGE, Judge.

A Clayton County jury found both Seashelia Joncamlae and Israel Jesus Zuniga guilty of two counts of aggravated assault, which charges arose from an incident at the Escorpion restaurant in Forest Park on Jonesboro Road in which Joncamlae and Zuniga followed two men from the interior of the restaurant into the parking lot and, there, beat the victims. The jury also found Zuniga guilty of robbery for thereafter taking the victims' 1991 Pontiac Firebird; Joncamlae was acquitted of that offense.[1] Joncamlae and Zuniga appeal separately. In the interest of judicial economy, we have consolidated their appeals.

Viewed to support the verdict,[2] the record shows that both victims of the assaults, A. B. and R. E., testified at trial as to the appellants' involvement in the incident. A. B. positively identified Joncamlae and Zuniga as having followed them from the restaurant, through the parking lot, and to their car — a 1991 Pontiac Firebird. He testified that the appellants ordered R. E. and him out of the vehicle. When A. B. exited the car, Zuniga attacked him, striking him in the eye and knocking him to the ground. He further testified that when R. E. exited the Pontiac, he saw Joncamlae hit him. A. B. testified that Zuniga then "told me he was going to take my car. . . . He took it and perhaps he went to take it to another parking area or to another apartment complex." After removing the vehicle from the scene, Zuniga returned immediately and reengaged A. B.

Victim R. E. testified that two men followed him from the restaurant and ordered A. B. and him out of the Pontiac. He identified Zuniga as the man who attacked A. B. He testified that both men hit him. R. E. could not make a positive in-court identification of Joncamlae, claiming that he looked similar, "but I cannot be 100 percent sure," and that Joncamlae "was a little heavier then than now." However, when shown a pre-trial photographic lineup, R. E. had been able to identify Joncamlae as one of the perpetrators.

The police arrived, and the crowd that had apparently gathered to participate in the fight suddenly dispersed. The police located Zuniga in a nearby ditch, striking A. B. with his fists. The Pontiac's ignition cylinder, with the key still in it, was found on the ground beside the ditch. Pursuant to eyewitnesses' information, the police located Joncamlae inside the Escorpion; his face was bruised and

---

[1] Both appellants were acquitted by the jury of a third count of aggravated assault against an alleged third victim.

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

scratched in a manner consistent with a recent fistfight. Upon questioning, he gave the police a false name, "Gerardo Paredes." The next day, the Pontiac Firebird was located in a supermarket parking lot a block from the Escorpion. *Held*:

. 1. Both Zuniga and Joncamlae challenge the sufficiency of the evidence supporting their convictions.

> When evaluating the sufficiency of evidence, the proper standard for review is whether a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. This Court does not reweigh evidence or resolve conflicts in testimony; instead, evidence is reviewed in a light most favorable to the verdict, with deference to the jury's assessment of the weight and credibility of the evidence. . . . [R]esolving evidentiary conflicts and inconsistencies, and assessing witness credibility, are the province of the factfinder, not this Court.[3]

We find the evidence as outlined above sufficient for a rational trier of fact to have found both appellants guilty beyond a reasonable doubt of the offenses for which they were convicted.[4] In terms of the related, individual arguments made by the appellants, we find as follows:

(a) Zuniga contends that his conviction for aggravated assault with intent to rob R. E. cannot stand because the subject of the robbery, the Pontiac, belonged to A. B. However, "[r]obbery is a crime against possession, and is not affected by concepts of ownership."[5] Here, both victims were ordered out of the car and attacked in order to facilitate the taking of the vehicle. That qualifies both A. B. and R. E. as the victims of robbery.

(b) Zuniga also contends that his convictions for aggravated assault with intent to rob under Counts 2 and 3 of the indictment merged as a matter of fact with his conviction for robbery under Count 1. We must agree.

A defendant may be prosecuted for two crimes based on the same conduct, but he may not be convicted of more than one crime if one crime is included in the other.[6] Aggravated assault is not included in robbery as a matter of law, but it may be included as a matter of

---

[3] (Citations and punctuation omitted.) *Dean v. State*, 273 Ga. 806-807 (1) (546 SE2d 499) (2001).

[4] *Jackson v. Virginia*, supra.

[5] (Citations and punctuation omitted.) *Kelly v. State*, 234 Ga. App. 893, 894 (2) (508 SE2d 228) (1998).

[6] OCGA §§ 16-1-6; 16-1-7.

fact.[7] The key question, then, is whether the different offenses are proven with the same set of facts.

In this case, the State chose to indict Zuniga for two counts of aggravated assault with intent to rob, OCGA § 16-5-21 (a) (1), and for robbery by use of force, OCGA § 16-8-40 (a) (1). As conceded by the State, the evidence of the force exerted by Zuniga so as to support the robbery by force conviction is the same evidence used to support the two aggravated assault with intent to rob convictions, and thus, they merge as a matter of fact.[8] That Zuniga returned after taking the car and continued to fight cannot save the convictions for the *indicted* offenses. The aggravated assaults with intent to rob were complete, as was the robbery, itself, when Zuniga left in the Pontiac. The second round of fisticuffs with the victims upon Zuniga's return may have been a separate assault, but such was not supported by any evidence of an intent to rob. Accordingly, we vacate Zuniga's convictions for aggravated assault with intent to rob under Counts 2 and 3 of the indictment.[9]

(c) As best we can decipher from Joncamlae's rambling challenge to the sufficiency of the evidence supporting his convictions for aggravated assault, he claims that the State failed to prove identity and intent. We reject these contentions. Joncamlae was positively identified by one of the victims as the man who participated in the robbery of the Pontiac by accompanying and aiding Zuniga in his assault on the victims, which assaults facilitated the taking of the vehicle. That is sufficient to support the jury's verdict.[10] Further, it matters not that Joncamlae was acquitted of the actual robbery. He did not take the Pontiac; Zuniga did. Accordingly, "[t]hese verdicts are not necessarily inconsistent. Even if they were, the inconsistent verdict rule has long been abolished in criminal cases."[11]

---

[7] *Hambrick v. State*, 256 Ga. 148, 150 (344 SE2d 639) (1986). See also *Johnson v. State*, 247 Ga. App. 157, 162 (10) (543 SE2d 439) (2000).

[8] For reasons unexplained, the State concedes that the aggravated assault with intent to rob under Count 2 merges with the Count 1 robbery by force conviction, but the State does not mention the aggravated assault with intent to rob under Count 3. For precisely the same reason, Count 3 also merges as a matter of fact with Count 1. The named victim in each count was different, but the intent was the same. And, as it relates to Zuniga, the force exerted against each victim was the same force used by Zuniga to obtain the Pontiac. We do not find a merger of offenses with regard to Joncamlae, since he was acquitted of the offense of robbery by force. Thus, his forcible assault of the victims in conjunction with Zuniga in order to aid in Zuniga's taking of the Pontiac may stand each as a separate offense.

[9] As Counts 2 and 3 merge with Count 1 as a matter of fact per OCGA §§ 16-1-6 and 16-1-7, it is unnecessary to remand this case for resentencing under Counts 2 and 3, as urged by the State.

[10] OCGA § 24-4-8 ("The testimony of a single witness is generally sufficient to establish a fact.").

[11] (Citation omitted.) *Walker v. State*, 271 Ga. 328, 329 (1) (519 SE2d 670) (1999).

2. Both Zuniga and Joncamlae claim they received ineffective assistance of counsel at trial.

> The proper standard to be employed in determining enumerations concerning ineffective assistance of counsel, whether based upon a claim of right arising under federal or state law, is the two-pronged test announced in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). First, appellant must show that counsel's performance was deficient; second, he is required to show that he was prejudiced by counsel's deficient performance. There is a strong presumption that trial counsel's performance falls within the wide range of reasonable professional assistance, and that any challenged action by trial counsel might be considered sound trial strategy. As to the second prong, the question is whether there exists a reasonable probability that, but for his counsel's errors, the jury would have had a reasonable doubt regarding appellant's guilt, that is, but for counsel's unprofessional errors, the result of the proceeding would have been different.[12]

Further, *Strickland* does not require that we inquire first into the alleged deficiency in counsel's performance, or even address it at all, if we find that no prejudice has been shown.[13]

(a) Zuniga claims error in his trial counsel's failure to object when the prosecutor, attempting to establish motive, asked whether people from Mexico (Zuniga's and Joncamlae's ethnic heritage) have adverse relations with people from Honduras (the victims' ethnic heritage). Zuniga contends that such question put his character into evidence and prejudiced him before the jury.

On review, the question about which Zuniga complains does not, standing alone, put his character into evidence. And Zuniga answered the question in the negative, claiming that "all Hispanics try to get together." Accordingly, there was no basis for an objection by Zuniga's trial attorney.

Moreover, Zuniga has failed to establish the prejudice prong of the *Strickland* standard with regard to his trial attorney's representation. At the hearing on the motion for new trial, it was established that Zuniga's character went before the jury via his sua sponte, unanticipated comment that "I know we don't like black people because it's most of the people that is robbing around Mexicans, but

---

[12] (Citations and punctuation omitted.) *Cromartie v. State*, 241 Ga. App. 718-719 (1) (527 SE2d 228) (1999).

[13] *Trammel v. State*, 265 Ga. 156 (1) (454 SE2d 501) (1995).

not Hondurans or people like that." The prosecutor's inquiry in no way called for that addendum, which was unresponsive to the question and most likely offensive to the four African-American jurors on the panel. Zuniga's defense attorney asserted at the motion for new trial hearing that he believed nothing could be done with regard to Zuniga's inopportune comment because "you can't un-ring that bell." We do not disagree with this assessment. The decision not to draw further attention to the matter appears an imminently reasonable trial strategy from our perspective. Indeed, before this Court, Zuniga's appellate counsel has failed to put forward any viable suggestion that would even begin to repair the self-inflicted damage so as to demonstrate an avenue trial counsel could have taken, but did not.[14] Accordingly, Zuniga has failed to establish either that counsel's assistance was deficient or that counsel's assistance prejudiced his defense.

(b) Joncamlae also claims he received ineffective assistance of counsel. He was represented at motion for new trial by the same attorney who represented him at trial, and an appellate attorney was appointed after such motion was denied. Consequently, the instant claim of ineffective assistance of trial counsel, raised for the first time on appeal, is being asserted at the earliest practicable moment.[15] However, whether it is necessary to remand this case for a hearing on such issue requires a further inquiry: Can Joncamlae's claim of ineffective assistance be resolved, as a matter of law, on the face of the record?[16]

Joncamlae's complaint is centered on his trial attorney's failure to object/move for a continuance when information was elicited that, the day before trial, the district attorney's office had shown photographs of the appellants to both of the victims. In a separate enumeration of error, Joncamlae also styles the district attorney's actions as a discovery violation for failure to provide this information pursuant to OCGA § 17-16-4 (a) (3).

A review of the record with regard to these complaints shows that there were a number of people involved in the altercation with the victims outside the Escorpion restaurant. The victims' identification of Joncamlae as the specific perpetrator of the indicted acts was by no means strong. R. E. could not positively identify Joncamlae and

---

[14] By brief, it is suggested that trial counsel should have made a "motion to strike" Zuniga's negative statement from the record. Zuniga fails to state a ground upon which such motion might be granted, given that "oops-I-put-my-own-character-into-evidence" is legally unavailing as a basis for such motion. Further, it is more than highly doubtful that a motion to strike (if granted) would in fact remove the negative taint engendered by Zuniga's offensive comment, while the making of such motion would more than likely serve to highlight it.

[15] *Smith v. State*, 255 Ga. 654, 656 (3) (341 SE2d 5) (1986).

[16] See *Hunt v. State*, 247 Ga. App. 464, 469 (6) (542 SE2d 591) (2000).

relied upon the photograph the district attorney's office had shown him the day before: "If he's the same man that's in the picture, he's the same man. . . . In the picture, that's the man that hit me."

The other victim, A. B., testified that the only time he had seen Joncamlae since the altercation was in the photograph shown to him by the district attorney's office the day before trial. Thus, from the record, it appears that the photographs played a role in the identification of Joncamlae. The State's apparent failure to provide the photographs to Joncamlae or, apparently, to inform him that such photographs were shown to the victims just prior to trial prevented him from challenging the admissibility of the victims' in-court identifications based on the photographs. And the import of Joncamlae's trial counsel's failure to object to such evidence — both substantively and as a violation of discovery — cannot be resolved as a matter of law from the face of the record. Accordingly, we remand this case for an evidentiary hearing on Joncamlae's claim of ineffective assistance of counsel, with a right of appeal as to the results of such hearing.

*Judgment affirmed and case remanded for further proceedings not inconsistent with this opinion in Case No. A02A1506. Judgment affirmed as to Count 1 and vacated as to Counts 2 and 3 in Case No. A02A1507. Smith, P. J., and Ellington, J., concur.*

DECIDED SEPTEMBER 18, 2002.

*Yvonne Hawks, Lloyd J. Matthews*, for appellant (case no. A02A1506).

*Patricia F. Angeli*, for appellant (case no. A02A1507).

*Robert E. Keller, District Attorney, Jack S. Jennings, Assistant District Attorney*, for appellee.