A04A0077. JONCAMLAE v. THE STATE.
(598 SE2d 923)

SMITH, Chief Judge.

Seashelia Joncamlae was found guilty by a jury of two counts of aggravated assault arising from a fight outside a restaurant. In *Joncamlae v. State*, 257 Ga. App. 459, 463-464 (2) (b) (571 SE2d 461) (2002), we found the evidence sufficient to support the convictions,

but we remanded it to the trial court so that an evidentiary hearing could be held on whether trial counsel provided ineffective assistance. The trial court held such a hearing and entered an order finding that the second prong of the test in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), had not been met. From that order, Joncamlae appeals. Because we agree with Joncamlae that the trial court erred in this finding, we reverse.

1. The ineffective assistance claim is based on evidence that surfaced during trial. Both victims testified that on the previous day the prosecutor had shown them photographs of Joncamlae. In the trial testimony in issue, one victim had just testified on cross-examination that the day of the attack was the first time he had ever seen Joncamlae. The next question posed by defense counsel was whether this victim had seen Joncamlae or "photos or anything" after the attack but before trial. The witness replied that he had seen a picture of him the previous day at "the D.A.'s office." Defense counsel then inquired whether the witness had seen only Joncamlae's picture, and the witness responded that he "saw various pictures" that included Joncamlae and some others that "looked like him," but the first time he had encountered Joncamlae in person since the attack was at trial. When asked if he was "positive" about identifying Joncamlae, the witness responded: "They look like the same people I remember. They just have a different hairdo," adding, "[t]hey have shorter hair," as did the individual depicted in the photograph he had seen the day before.

The second victim testified that he was "not 100 percent sure" of his identification of Joncamlae as one of the men who followed him and later hit him because during the incident the man had on a hat that covered his forehead. This victim, too, testified that he had been shown pictures by the prosecutor the previous day. When asked if he identified anyone from the photos, he replied: "In the picture they looked more familiar to me" but he thought that in the photograph Joncamlae was "a little heavier than now." He testified that the prosecutor "showed him the pictures in private" when the other victim was not there. When trial counsel pressed this victim on the identification, the witness said he could not see Joncamlae well from the witness stand, but he "seems to be the man that was there." When asked if he thought it was the same man, the witness stated: "If he's the same man in the picture, he's the same man."

Joncamlae contends that this pretrial viewing tainted the victims' identification of him at trial, and that trial counsel was ineffective in failing to object to the victims' testimony or move for a mistrial when this information was elicited. We stated in *Joncamlae*, supra, 257 Ga. App. at 463-464 (2) (b) that remand was necessary because this victim's identification of Joncamlae "was by no means strong.

[He] could not positively identify Joncamlae and relied upon the photograph" he saw in the district attorney's file. Id. The other victim testified he had not seen Joncamlae since the altercation leading to the charges against him, except on the day before trial, when he saw the photograph in the district attorney's file. We concluded that

> [t]he State's apparent failure to provide the photographs to Joncamlae or, apparently, to inform him that such photographs were shown to the victims just prior to trial prevented him from challenging the admissibility of the victims' in-court identifications based on the photographs. And the import of Joncamlae's trial counsel's failure to object to such evidence — both substantively and as a violation of discovery — cannot be resolved as a matter of law from the face of the record.

Id. at 464.

The testimony at the remand hearing justifies our concern. Trial counsel testified that even though she had opted into reciprocal discovery, no photo lineup or showup had been disclosed to her. During cross-examination, when she asked one victim whether he had seen Joncamlae after the crime, but before trial, she anticipated that his response would be negative. When the victim replied "that he had seen photos of . . . my client in a group as opposed to just his one photo," she "was in shock." She testified that she "didn't know what I was doing at that point in time to . . . stop, object." It was only while researching grounds for a new trial that she realized she "should have objected or continued, and it was lost at that point. I did not do either."

She stated that she would not categorize her failure to object as "strategic," and acknowledged that it never occurred to her to object and possibly move for mistrial. When she came to that realization, it seemed to her that she had been ineffective. She withdrew and new counsel was appointed because "at that point, I felt it would be a conflict of interest to go forward with the appeal. That would deny him his opportunity of raising that particular issue."

The prosecutor testified at the hearing on remand that he never showed the victims a photo lineup. But he recalled that a single booking photograph of the defendant is routinely attached to the front of the case file. The prosecutor recalled that after the trial had already begun, he was on a break and was preparing one of the victims for his testimony the next day. An interpreter was also present. The prosecutor testified that somebody had the case file and was "thumbing through it and opens it up to that picture. We were not showing the victim the picture" of Joncamlae. One of the victims happened to see the photograph in the file and said " 'Yeah,

that's one of the guys that attacked me. That's the picture.' " When asked why he did not inform defense counsel, the prosecutor replied that he "just did not pay any attention to it, because I was sort of focused on the questions that I wanted to ask them." Based upon this testimony, the trial court denied the motion for new trial on the ground of ineffective assistance of counsel.

To establish ineffective assistance of counsel, Joncamlae was required to meet the standard set forth in *Strickland v. Washington*, supra, 466 U. S. at 687, i.e., a showing that his trial counsel's performance was deficient and that the deficient performance prejudiced his defense. *Welch v. State*, 243 Ga. App. 798, 799 (2) (534 SE2d 471) (2000). The trial court's order does not address the first prong of the *Strickland* test. The court simply found that "the second prong of the two prong test announced in *Strickland v. Washington* . . . has not been shown. The Defendant has not shown that he was prejudiced by counsel[']s performance."

But trial counsel admitted that her performance was deficient, and we agree with her assessment. Even taking the testimony of the prosecutor at face value, we cannot agree that Joncamlae was not prejudiced by counsel's failure to object to the tainted in-court identification. The correct inquiry under this prong "is whether there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (Citation and punctuation omitted.) *Stanford v. Stewart*, 274 Ga. 468, 470 (1) (554 SE2d 480) (2001). It is not necessary to show that a retrial would necessarily result in acquittal; it is sufficient to show "a reasonable probability that counsel's error prejudiced the defense." Id.

It is true that in *James v. State*, 233 Ga. App. 516 (504 SE2d 533) (1998), we rejected appellant's contention that an impermissibly suggestive photo lineup occurred when a trained investigator who had participated in a controlled buy of crack cocaine "was exposed to a single photograph of defendant while examining the State's file." Id. at 518 (1) (b). But "even if a pretrial identification is tainted, an in-court identification is not constitutionally inadmissible if it does not depend upon the prior identification but has an independent origin." (Citation and footnote omitted.) *Mickel v. State*, 257 Ga. App. 421, 422 (2) (571 SE2d 439) (2002). We held in *James* that the agent was "a trained investigator who was, during the brief time of the sale, professionally focused on the identity of the perpetrator" and that this constituted "an adequate evidentiary basis for admitting her subsequent in-court identification testimony." Id. at 518 (1) (b).

The facts here are different. The witnesses in question were the victims, who were not professionally trained, were not absolutely certain of their in-court identifications, and did not have excellent views of the defendants at the time of the attacks. "An identification

procedure is impermissibly suggestive when it leads the witness to an all but inevitable identification of the defendant as the perpetrator." (Citation and punctuation omitted.) *Bates v. State,* 259 Ga. App. 232, 233 (2) (576 SE2d 619) (2003). Here, one witness admitted outright his reliance upon the photograph of Joncamlae he had seen in the prosecutor's office. Without the certainty provided by this photograph, a reasonable probability exists that this witness would have been unable to identify Joncamlae positively in court. We cannot escape the conclusion that Joncamlae's defense was prejudiced by the admission of this testimony. This is especially so given that the prosecutor failed to disclose the pretrial viewing to defense counsel, leading to her "shock" and consequent failure to object. Joncamlae is entitled to a new trial.

2. Because we have concluded that a retrial is necessary, we need not address Joncamlae's contention of prosecutorial misconduct.

*Judgment reversed and remanded. Johnson, P. J., and Phipps, J., concur.*

DECIDED APRIL 30, 2004.

*Lloyd J. Matthews,* for appellant.
*Robert E. Keller, District Attorney, Erman J. Tanjuatco, Assistant District Attorney,* for appellee.