A89A1324. MYERS v. THE STATE.
(387 SE2d 640)

POPE, Judge.

Defendant Evin Myers and two others were indicted on a charge of trafficking in cocaine. One of the co-defendants, Evin Myers' mother, pled guilty. Myers was tried and convicted and the remaining co-defendant was found not guilty. Myers appeals on the general grounds and argues the evidence was insufficient for a jury to find him guilty beyond a reasonable doubt.

The evidence shows a drug "bust" was conducted pursuant to a search warrant on the apartment in which Myers, then seventeen years old, lived with his mother. Inside the apartment the arresting officers found $1,912 in bills scattered around the kitchen, a handgun on the table and 33 clear plastic bags on the refrigerator. A package containing 322 bags of cocaine was found on the ground outside the kitchen window from which one of the co-defendants was trying to escape. A bag of marijuana was found in one of the bedrooms in a dresser drawer along with a prescription bottle bearing Myers' name.

Myers admitted to one of the officers that he had lived in the apartment for one year. The arresting officer was not presented as a witness. However, the evidence did establish that Myers was arrested outside the apartment immediately after a team of officers entered the front door and, upon entry, heard footsteps running down the back staircase. Thus, circumstantial evidence was presented to establish that Myers attempted to flee the apartment after the search commenced.

" 'To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused.' [OCGA § 24-4-6.] . . . Should a trial court decline to direct the verdict and the jury then finds the defendant guilty, we are obliged to review the evidence in a light most favorable to the jury verdict. [Cit.] However, we will not be blinded by the jury verdict when a reasonable hypothesis of innocence appears from the evidence or the lack thereof. [Cits.]" *Muckle v. State,* 165 Ga. App. 873 (1) (303 SE2d 54) (1983).

No evidence was presented that contraband, money or other incriminating evidence was found on defendant's person when he was arrested. The fact that marijuana was found in a dresser drawer apparently belonging to the defendant is not probative of whether defendant was a party to the knowing possession of over 28 grams of cocaine found in another room of the apartment in which he lived. The only evidence presented at trial in regard to defendant Myers was that he, a seventeen-year-old minor, lived in his mother's apartment where the contraband was found and circumstantial evidence that he fled the apartment when armed officers broke down the front door. " 'Neither presence nor flight, nor both together, without more, is conclusive of guilt.' " (Quoting *Griffin v. State,* 2 Ga. App. 534 (2) (58 SE 781) (1907)). *Poythress v. State,* 67 Ga. App. 324, 325 (20 SE2d 212) (1942). Accord *Denham v. State,* 144 Ga. App. 373 (1) (241 SE2d 295) (1977). Flight together with a connection between the defendant and others committing a crime is also insufficient to form the basis of a conviction. *Hodges v. State,* 103 Ga. App. 284 (118 SE2d 858) (1961).

The evidence presented at trial simply established that defendant lived at home with his mother, as do most seventeen-year-olds. No evidence was presented that defendant participated in any activity associated with trafficking in cocaine. The raid took place at 10:00 p.m. The neighborhood was acknowledged by one police witness to be one known for drugs and drug-related problems. Violence is a common problem in such areas. When one's home is invaded at night, flight is a reasonable response and is not necessarily indicative of guilt. Thus, the evidence is equally consistent with defendant's inno-

cence. To allow appellant's conviction to stand upon this evidence would be tantamount to requiring minors to choose between living at home with parents and leaving home to fend for themselves to avoid prosecution for the misdeeds of the parents. We cannot conclude that sufficient evidence was presented in this case to permit a rational trier of fact to find defendant guilty beyond a reasonable doubt.

*Judgment reversed. Banke, P. J., and Sognier, J., concur.*

Decided November 1, 1989.

*A. Nevell Owens*, for appellant.

*Lewis R. Slaton, District Attorney, Richard E. Hicks, Samuel W. Lengen, Joseph J. Drolet, Assistant District Attorneys*, for appellee.