A95A2414. MORRISON v. THE STATE.
(469 SE2d 686)

BIRDSONG, Presiding Judge.

Milford D. Morrison appeals his convictions for possession of cocaine with intent to sell and possession of cocaine. The charges arose from the execution of a search warrant at the home of Ms. Williams, Morrison's co-defendant and girl friend.

Williams and four other adults and two children were in the kitchen, and Morrison was standing between the living room and the kitchen when the officers entered the house. With the people found gathered in the kitchen, the police searched the house and found a Crown Royal bag containing less than one gram of powder cocaine, marijuana, and a $20 bill in a dresser in an upstairs bedroom, two plastic bags containing marijuana in the kitchen near the stove and the wall, a plastic bag containing 20 rocks of crack cocaine in the kitchen behind the refrigerator, and a cup containing what appeared to be cocaine residue on the sink in the kitchen.

After the drugs were found by the officers, all the people in the house denied that the drugs belonged to them. None of the people in the house was searched, and after the people in the house identified themselves, everyone except Morrison and Williams was released. Morrison and Williams were taken to the police station where, an officer testified, Morrison admitted the drugs found upstairs belonged to him for his personal use, but denied that he owned the other drugs.

Morrison and Williams were later indicted for possession of cocaine with intent to sell, possession of cocaine, and possession of marijuana. At the trial the officers who found the drugs testified about finding the drugs and an expert identified the substances, except for the suspected cocaine found in the cup, as either marijuana or cocaine. The suspected cocaine in the cup was never tested; witnesses testified, however, that the substance appeared to be cocaine. Officers also testified that they found a razor blade near the cup in the kitchen and they also found a glass pipe of the kind used to smoke crack cocaine on the kitchen floor near where one of the men who was released without charges was sitting.

The exhibits containing the drugs were not tested for fingerprints. An officer testified that it is more trouble than it is worth to do such testing.

After the prosecution rested and the trial court denied the defendants' motions for directed verdicts of acquittal, both defendants testified. Williams testified that she did not see the drugs in her home

until they were seized by the police, that she did not allow drugs in her home, that Morrison did not do drugs around her, that while Morrison baby-sat for her that day, he did not live there and did not have a key to her house, and could not enter the house without her. Williams further testified that Morrison and the others arrived at her home at the same time. When he testified, Morrison denied any knowledge of the drugs and denied that he told the police officer that the drugs found upstairs belonged to him.

Ultimately, Williams was found guilty of possession of cocaine and Morrison was found guilty of possession of cocaine with intent to sell and possession of cocaine. Both defendants were found not guilty of possession of marijuana. Williams was sentenced to five years in prison to be served on probation. After the trial court merged the possession of cocaine count with the possession of cocaine with intent to sell count, Morrison was sentenced to 20 years in prison, with ten to serve and ten years on probation.

On appeal, Morrison contends the trial court erred by denying his motion for a directed verdict and by denying his motion for a new trial, by denying his motion to suppress and his motion in limine, and by denying his requests to charge. Williams is not a party to this appeal. *Held*:

1. (a) Morrison first contends the trial court erred by denying his motion for a directed verdict. A motion for a directed verdict of acquittal should be granted only when there is no conflict in the evidence and the evidence with all reasonable deductions and inferences therefrom demands a verdict of acquittal as a matter of law. OCGA § 17-9-1 (a); *Taylor v. State*, 252 Ga. 125 (312 SE2d 311). On appeal a reviewing court may consider all the evidence in the case (*Bethay v. State*, 235 Ga. 371, 375 (219 SE2d 743)), and must view the evidence in the light most favorable to the verdict using the test established in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). *Humphrey v. State*, 252 Ga. 525, 527 (314 SE2d 436). Further, we do not weigh the evidence and judge the credibility of the witnesses (*Grant v. State*, 195 Ga. App. 463 (393 SE2d 737)); nor do we speculate which evidence the jury chose to believe or disbelieve. *Mills v. State*, 137 Ga. App. 305, 306 (223 SE2d 498).

Review of all the evidence in this manner reveals ample evidence from which any rational trier of fact could find beyond a reasonable doubt that Morrison was guilty of possession of the cocaine found in the bedroom. *Jackson v. Virginia*, supra. Although Morrison disputed that he admitted ownership of those drugs, the police officers' testimony was sufficient evidence to sustain the conviction. Accordingly, the trial court did not err by denying Morrison's motion as to that count.

On the count alleging possession of cocaine with intent to sell,

however, we must reach a different result. As no direct evidence connects Morrison to the 20 rocks of crack cocaine found in the kitchen behind the refrigerator, if his conviction for possession of cocaine with intent to sell is to be sustained it must be based upon circumstantial evidence. When a conviction depends entirely on circumstantial evidence, however, the circumstantial evidence must be consistent with the hypothesis of guilt and must exclude every other reasonable hypothesis. OCGA § 24-4-6; *Ennis v. State*, 130 Ga. App. 716, 717 (204 SE2d 519).

Under the evidence presented by the prosecution, five adults were in the kitchen when police entered the house, and Morrison was standing between the kitchen and the living room. No officer testified that he saw anything connecting Morrison to the crack cocaine, and none of the real evidence showed any connection to Morrison. Further, the only evidence in the record was that while Morrison visited frequently, he did not occupy or control the house, did not have a key, and could not enter the house without Williams. Williams also testified she did not see any cocaine in the house.

Additionally, although a witness testified that the amount of crack cocaine was more than the quantity a mere user of the drug would possess, there was no evidence that the powder cocaine found in the upstairs bedroom was of such quantity. Further, there was no other evidence, e.g., drug scales, the manner of wrapping, etc., tending to show that this cocaine was possessed for anything but personal use. Further, although Morrison had $441 in his possession when he was apprehended, there was no evidence showing that this was money in any way connected to selling drugs. Morrison testified that he worked two jobs and there was no evidence contradicting this testimony.

This evidence is not sufficient to sustain Morrison's conviction of possession of cocaine with intent to sell. " 'When the circumstantial evidence supports more than one theory, one consistent with guilt and another with innocence, it does not exclude every other reasonable hypothesis except guilt and is not sufficient to prove the defendant's guilt beyond a reasonable doubt. While the determination of whether the circumstances are sufficient to exclude every reasonable hypothesis except that of defendant's guilt is usually made by the jury and while we must view the evidence in the light most favorable to the jury verdict, we must not be blinded by that verdict when a reasonable hypothesis of innocence appears from the evidence or lack thereof, and may declare such as a matter of law.' (Citations and punctuation omitted.) *Brooks v. State*, 206 Ga. App. 485, 486-487 (1) (425 SE2d 911) (1992)." *Paden v. State*, 216 Ga. App. 188, 189-190 (453 SE2d 788).

Consequently, as the evidence presented to the jury did not exclude the reasonable hypothesis that the crack cocaine belonged to

any of the other adults in the kitchen, the circumstantial evidence did not exclude every other reasonable hypothesis save that of Morrison's guilt of possessing those drugs with the intent to sell. Therefore, this conviction is unsupportable as a matter of law and the trial court erred by denying Morrison's motion for a directed verdict of acquittal. See *Pattillo v. State*, 250 Ga. 510, 512 (299 SE2d 710); *Jones v. State*, 165 Ga. App. 36, 38 (299 SE2d 576).

Therefore, Morrison's conviction must be reversed and the case remanded to the trial court with direction to sentence Morrison on his conviction for possession of cocaine.

(b) Moreover, Morrison further contends the trial court erred by denying his motion for a new trial because the verdict is contrary to the evidence, contrary to principles of justice and equity, and because the verdict is decidedly and strongly against the weight of the evidence. These contentions, however, are addressed to the wrong court. Our law gives the trial judge alone the authority to grant a new trial for such reasons, and this court has no such power. *Dixon v. State*, 192 Ga. App. 845, 846 (386 SE2d 719). Accordingly, this enumeration of error is without merit.

2. Morrison next asserts that the trial court erred by denying his motion to suppress the results of the State's supplemental crime lab report, evidence of the substances testimony, and testimony regarding these substances because the crime lab report was not disclosed to his defense counsel within the time prescribed by then effective OCGA § 17-7-211. The record shows the report in question was not available in writing until six days before trial, that a copy was provided to Morrison as soon as the prosecutor obtained one, and that Morrison rejected the opportunity for a continuance. Under the circumstances there was no error. *Wade v. State*, 258 Ga. 324, 327-328 (368 SE2d 482); *Shannon v. State*, 205 Ga. App. 831, 832 (424 SE2d 51).

3. Morrison contends the trial court erred by refusing to give three charges he requested on "two theories," bare suspicion, and guilt by association.

(a) The trial court did not err by refusing to give Morrison's requested charge on "two theories." The "two theories" charge, if authorized at all, would have been appropriate only when the State has relied exclusively on circumstantial evidence. *Hamilton v. State*, 260 Ga. 3, 4-5 (389 SE2d 225). More significantly, however the "two theories" charge has been disapproved by this Court because it is a statement of law that does not accurately state the principle addressed. *Shutt v. State*, 215 Ga. App. 617 (451 SE2d 530). Accordingly, it should never be given. *Cantrell v. State*, 212 Ga. App. 288, 290 (441 SE2d 879); *Johnson v. State*, 210 Ga. App. 99, 102 (435 SE2d 458).

(b) Regarding Morrison's requested charges on bare suspicion and guilt by association, the transcript shows the trial court gave a

full and complete charge on reasonable doubt, the presumption of innocence, and presence at the scene of a crime. As these charges cover the principles of law in the requested charges, there was no error. A trial court is not required to instruct the jury in the exact language of a requested charge, and when the principle of law is covered in another charge that is sufficient. *Kennedy v. State*, 205 Ga. App. 152, 156 (421 SE2d 560); *Montgomery v. State*, 204 Ga. App. 534, 537-538 (420 SE2d 67).

4. Morrison contends the trial court erred by allowing testimony to the effect that State Exhibit 2, which was not tested at the crime lab, appeared to have the same physical appearance and characteristics as other items that were tested and found to be cocaine. Review of the transcript shows that although Morrison made a motion in limine to exclude testimony concerning this untested exhibit, the trial court declined to rule on the motion at that time. The transcript further shows, however, that Morrison did not object when the testimony of which he now complains was given. " 'All evidence is admitted as a matter of course unless a valid ground of objection is . . . interposed.' " *Scott v. State*, 206 Ga. App. 23, 26 (424 SE2d 328). As Morrison did not object to this testimony in the trial court, we cannot consider the issue because it is raised for the first time on appeal. *Scott v. State*, 243 Ga. 233, 234-235 (253 SE2d 698); *Cooper v. State*, 173 Ga. App. 254, 256 (325 SE2d 877).

*Judgment affirmed in part, reversed in part, and remanded with direction. Johnson and Smith, JJ., concur.*

DECIDED FEBRUARY 9, 1996.

*Magruder & Sumner, Clay M. White*, for appellant.
*Stephen F. Lanier, District Attorney, C. Stephen Cox, Fred R. Simpson, Assistant District Attorneys*, for appellee.