A97A0241. WALTON v. THE STATE.

(484 SE2d 765)

McMURRAY, Presiding Judge.

Defendant was tried before a jury and found guilty of two counts of simple battery. These convictions are based upon proof that defendant struck and pushed his common-law wife ("the victim") during an early morning quarrel on March 8, 1996. Although the trial was not reported, the parties agree in a transcript prepared from recollection — pursuant to OCGA § 5-6-41 (g) — that the only direct proof against defendant was the arresting officer's testimony that the victim reported acts of violence by defendant which constitute the crimes charged. The parties also agree that two police officers gave trial testimony indicating that defendant brutally beat, bruised and bloodied the victim during a similar domestic argument on October 7, 1991. The parties stipulate that the victim's trial testimony revealed the following regarding another prior incident of domestic strife: "On May 31, 1995[, the victim] had an argument with the defendant and she called the police. She did not remember suffering any physical injuries, [but] she did recall coming to court and testifying that she got an injury from hitting her head on a chair."

This appeal followed entry of the judgment of defendant's convictions and sentence. *Held*:

Defendant challenges the sufficiency of the evidence, arguing

that the victim's prior inconsistent statements — related by the arresting officer — regarding defendant's acts of violence against the victim during the couple's early morning argument on March 8, 1996, are insufficient to authorize his convictions for simple battery under the standard of proof prescribed in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). We do not agree.

In *Gibbons v. State*, 248 Ga. 858, 862 (286 SE2d 717), "the Supreme Court held that prior inconsistent statements of a witness constitute *substantive* evidence which the jury can credit or not as it sees fit." (Emphasis in original.) *Weeks v. State*, 187 Ga. App. 307 (1), 308 (370 SE2d 344). The arresting officer's testimony in the case sub judice regarding the victim's on-the-scene description of acts by defendant which constitute the crimes charged, similar transaction evidence regarding defendant's propensity for violence against the victim and proof indicating the victim's reluctance to testify against her husband is sufficient to authorize the jury's finding that defendant is guilty, beyond a reasonable doubt, of two counts of simple battery as charged in the accusation. *Jackson v. Virginia*, 443 U. S. 307, supra; *Weeks v. State*, 187 Ga. App. 307 (1), 308, supra.

*Judgment affirmed. Beasley and Smith, JJ., concur.*

DECIDED MARCH 25, 1997.

*William R. Sotter, Thomas J. Killeen*, for appellant.
*Kenneth W. Mauldin, Solicitor, Ethelyn N. Simpson, Assistant Solicitor*, for appellee.