A97A0653. MASON v. THE STATE.
A97A0869. REEVES v. THE STATE.
(487 SE2d 476)

BEASLEY, Judge.

Christine Mason and Orrian Reeves were convicted of possession of cocaine. There was evidence that officers found them in the same room as the cocaine and related cocaine paraphernalia, an eyewitness had seen them smoking cocaine just prior to the officers finding them in that room, the officers saw thick clouds of smoke coming from the room as they approached same, and the officers found defendants sweating profusely and with bloodshot, watery, glazed eyes, which symptoms are indicative of recent cocaine use.[1]

1. The primary issue on appeal is whether the eyewitness's trial testimony, which contradicted her previous statement that she had seen Mason and Reeves smoke cocaine, required the trial court to direct verdicts of acquittal to Mason and Reeves or to grant their motions for new trial. Because the out-of-court statement was substantive evidence and supports the verdicts, denial of the motions was not error.

Citing *Paden v. State*, 216 Ga. App. 188 (453 SE2d 788) (1995) (see also *Morrison v. State*, 220 Ga. App. 151, 153 (1) (a) (469 SE2d 686) (1996)), Mason and Reeves argue that the circumstantial evidence was insufficient to sustain a conviction under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Claiming that no direct evidence tied them to the cocaine found in the room where they were discovered by police, Mason and Reeves assert that the clouds of smoke, their own physical appearances, and their spatial

---

[1] Mason's notice of appeal was filed within thirty days of the trial court's oral ruling on the motion for new trial but three days before the trial court entered its written order. Mason's appeal is nevertheless properly before us. *Livingston v. State*, 221 Ga. App. 563 (1), 564-568 (472 SE2d 317) (1996).

proximity to the cocaine were all purely circumstantial evidence and could not alone sustain a conviction, for other non-incriminating reasonable hypotheses could explain this evidence.

As set forth in *Paden* and *Morrison,* this principle applies only where there is no direct evidence linking the defendant to the cocaine. *Paden,* supra at 189; *Morrison,* supra at 153. Mason and Reeves point out that at trial the eyewitness testified she did not see them smoking cocaine that morning. But, as the eyewitness admitted at trial, she had previously signed a statement that she had seen both Mason and Reeves smoking cocaine in the house that morning. "[A] prior inconsistent statement of a witness who takes the stand and is subject to cross-examination is admissible as substantive evidence." *Gibbons v. State,* 248 Ga. 858, 862 (286 SE2d 717) (1982).

2. Mason's second enumeration of error[2] is that the trial court wrongly denied Mason's motion for mistrial made as a result of an officer's testimony that in his opinion Mason was under the influence of cocaine when he found her. Mason claims this opinion went to the ultimate fact and was inadmissible. See *Nichols v. State,* 177 Ga. App. 689, 692-693 (2) (340 SE2d 654) (1986). Pretermitting whether the officer's conclusion invaded the jury's province or whether the question was a proper one for opinion evidence, the matter has not been preserved for appeal. Immediately on Mason raising her objection to the testimony and intimating that a mistrial might be appropriate, the trial court gave a curative instruction, as requested by Mason, for the jury to disregard the officer's statement about whether or not Mason appeared to be under the influence of cocaine. Mason later urged that the curative instruction was insufficient, but she did not indicate wherein the instruction was insufficient nor did she renew her motion for a mistrial, assuming that her earlier statements could be construed as a motion for mistrial.[3]

" 'When prejudicial matter is placed before the jury in a criminal case, the trial judge must decide whether a mistrial must be granted as the only corrective measure or whether the prejudicial effect can be corrected by withdrawing the testimony from the consideration of the jury under proper instructions.' [Cit.] Further, 'in order to preserve an issue for appellate review after curative instructions are given the motion for mistrial must be renewed (or the) issue is barred.' [Cits.]" *Bowman v. State,* 222 Ga. App. 893, 895 (476 SE2d 608) (1996). See *Woodham v. State,* 263 Ga. 580, 582 (439 SE2d 471)

---

[2] Reeves asserted only the enumeration of error discussed in Division 1.

[3] The objection and purported motion for a mistrial were actually made by counsel for other co-defendants. The parties had stipulated that an objection by one defendant applied to the other defendants unless otherwise indicated. For purposes of this appeal, this Court assumes this stipulation was also intended to cover the purported motion for mistrial.

(1993); *Pless v. State*, 260 Ga. 96, 99 (390 SE2d 40) (1990). Mason's failure to renew the mistrial motion is fatal to this enumeration of error.

Mason argues that her later objection to the sufficiency of the curative instruction preserved this issue for appeal. "Even if [the later objection] was sufficient to preserve an issue regarding the effectiveness of the instruction, it did not serve to preserve the issue regarding the denial of the motion for mistrial, which is the error enumerated on appeal. [Cit.]" *Sing v. State*, 217 Ga. App. 591, 593 (458 SE2d 493) (1995). Accordingly, the issue is not properly before this Court.

Even if it were, "the trial court's election to give the jury a curative instruction will not be disturbed on appeal absent an abuse of discretion, which will not arise if the curative instruction given can serve to prevent any prejudicial impact. [Cit.]" *Bogan v. State*, 206 Ga. App. 696, 700-701 (6) (426 SE2d 392) (1992). As in that case, we "are satisfied the curative instruction given served to prevent any prejudicial impact by the statement at issue." Id. at 701.

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

DECIDED JUNE 5, 1997.

Before Judge Parrott.

*Waddell, Emerson & Buice, John H. Bradley*, for appellant (case no. A97A0653).

*Robert M. Boulineau*, for appellant (case no. A97A0869).

*Fredric D. Bright, District Attorney, Stephen A. Bradley, Assistant District Attorney*, for appellee.