## A97A2006. BOYD v. THE STATE.
(497 SE2d 3)

ANDREWS, Chief Judge.

Willie Boyd appeals from his conviction of one count of assisting in the sale of cocaine.[1]

1. Boyd's first two enumerations are that the court erred in allowing undercover agent Denson to testify concerning an out-of-court co-conspirator's statement to Denson implicating Boyd.

Viewed with all inferences in favor of the jury's verdict, *Brewer v. State*, 219 Ga. App. 16, 17 (1) (463 SE2d 906) (1995), the evidence was that law enforcement had been conducting undercover operations for illegal drug sales and Denson was investigating the Walthourville Seafood Deli. On June 10, 1993, Denson and a confidential informant went to the deli where Denson talked to Robinson who asked him if he wanted marijuana. Denson replied that he wanted "some rocks" of crack cocaine. At that point, Robinson looked at a man seated in the deli and called him "Pokey." Pokey, later identified as Boyd, got up and started to leave, and Robinson told Denson to stop Pokey and have him get what Denson needed. Denson went to the man and told him he wanted $300 worth of crack. Pokey told him to wait for awhile and left. Denson then watched Pokey get in a blue Buick, drive across the street, and talk with another man. The second man, Dean Kelly, then got in the Buick and came back across the street.

Denson was preparing to leave the deli, thinking Pokey was not going to return, when Robinson identified the man coming into the deli as one of the Kelly boys and told Denson "[t]hat's you right there, talk to the guy [Kelly]." Denson approached Kelly who gave him 15 rocks of crack. Asked how much, Kelly replied $300 and said Pokey had given him the 15 rocks.

Kelly testified at trial and acknowledged that he and Boyd were together that day, driving around in a rented blue Buick, and that he handed the rocks to Denson and took his $300. On the stand, he initially denied stating that he got the crack from Pokey, but then said he did not really recall his conversation with Denson.

The state then recalled Denson, and the statement identifying Pokey Boyd as the source of the rocks was introduced as substantive evidence pursuant to *Gibbons v. State*, 248 Ga. 858, 862 (286 SE2d 717) (1982).

Despite Boyd's arguments to the contrary, the statement was admissible as substantive evidence and there was no error. In *Walton v. State*, 225 Ga. App. 701 (484 SE2d 765) (1997), Walton's common-

---

[1] Although he was charged with four counts of selling or assisting in selling cocaine, not guilty verdicts were either directed or returned by the jury on the other three counts.

law wife would not implicate him at his trial for striking her, but her prior statement to the investigating officer that Walton struck her was allowed. See, e.g., *Mason v. State*, 226 Ga. App. 712 (1) (487 SE2d 476) (1997); *Alford v. State*, 224 Ga. App. 451, 455 (2) (480 SE2d 893) (1997).

2. Boyd contends that the trial court improperly considered a prior conviction for purposes of recidivist sentencing under OCGA § 17-10-2 (a). That section provides that, when sentencing in non-capital felonies, the judge "shall hear additional evidence in extenuation, mitigation, and aggravation of punishment, including the record of any prior criminal convictions and pleas of guilty . . ., or the absence of any prior conviction and pleas, *provided that only such evidence in aggravation as the state has made known to the defendant prior to the defendant's trial shall be admissible.*" (Emphasis supplied.)

At sentencing, State's Exhibit 3, a copy of Boyd's 1995 conviction for possession of cocaine, was introduced. Boyd's counsel objected because the exhibit was not "served upon us at the beginning of the trial and just saw it a minute ago, and we have no time to make preparation for it. . . ." In response, the prosecutrix stated only that "defense counsel was given, on the plea sheet that was given, information . . . that he had a prior conviction and he was told about it before the trial. He is not entitled to a copy of it." We have not been referred to nor have we found the referenced "plea sheet" in the record before us.

Discussing OCGA § 17-10-2 (a), *Mitchell v. State*, 202 Ga. App. 100 (1) (413 SE2d 517) (1991) reiterated that " [*State v.*] *Hendrixson*, [251 Ga. 853 (310 SE2d 526) (1984)] (held) that the important requirement was that the defendant be given an "unmistakable advance warning that the prior convictions will be used against him at sentencing" (cits.), so that he will have "enough time to rebut or explain 'any conviction record' " (cit.).' "

Merely giving notice of intent to present similar transaction evidence "does not vitiate the state's need to give notice that it plans to use a prior conviction in aggravation of punishment." *Armstrong v. State*, 264 Ga. 237, 238 (2) (442 SE2d 759) (1994). If such similar transaction written notice is coupled with an oral notice pursuant to OCGA § 17-10-2 (a), that may constitute the "unmistakable advance warning." *Kendrick v. State*, 224 Ga. App. 72, 75 (8) (479 SE2d 464) (1996); *Miller v. State*, 219 Ga. App. 284, 288 (5) (464 SE2d 860) (1995); *Wainwright v. State*, 208 Ga. App. 777, 780 (2) (b) (432 SE2d 555) (1993).

The state has not shown the required advance warning, and we reverse and remand solely for resentencing.

3. Without citing any applicable authority, Boyd contends the

trial court's charge that proof beyond a reasonable doubt did not "mean to a mathematical certainty or beyond all doubt" was reversible error. It was not. *Brown v. State*, 264 Ga. 48, 49 (3) (a) (441 SE2d 235) (1994); *Pilcher v. State*, 214 Ga. App. 395, 396 (448 SE2d 61) (1994).

*Judgment reversed as to sentence. Johnson, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JANUARY 23, 1998.

*Richard D. Phillips*, for appellant.

*Dupont K. Cheney, District Attorney, Carole E. Wall, Assistant District Attorney*, for appellee.