A06A0554. WILLIAMS v. THE STATE.

(627 SE2d 196)

BLACKBURN, Presiding Judge.

Following a jury trial, Victor Williams appeals his conviction for selling cocaine, challenging the sufficiency of the evidence as his sole enumeration of error. Because the undercover agent to whom Williams sold the cocaine identified Williams as the seller, and because the transaction was captured on videotape (showing a clear view of the seller), we reject Williams's challenge and affirm.

When reviewing a defendant's challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State.*[1] We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia.*[2]

So construed, the evidence shows that an undercover police officer had two interactions with Williams, both of which were captured on videotape. Regarding the first interaction, the officer testified and the videotape showed that a man sold the officer $20 in cocaine on November 5, 2004. The officer identified Williams in court as the seller, and the videotape introduced at trial showed a clear view of the seller's visage for the jury to compare to Williams's visage. Regarding the second interaction three days later, a second videotape showed the officer driving and drinking from a beer bottle before picking up Williams in his car. The two failed to consummate a drug transaction when Williams promised to obtain drugs for the officer, took money from the officer, left the car, and never returned.

Williams was charged with selling cocaine and attempting to sell cocaine. Following a trial, a jury found him guilty of the selling charge

[1] *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

but acquitted him of the attempt charge. Williams appeals, claiming that the officer's admission to (and the second videotape's showing of) the officer's violating the law by driving while drinking from an open alcoholic container rendered his testimony incredible.

First, we note that the "open container" violation (which is hardly a crime of moral turpitude) occurred during the second interaction, which resulted in the attempt charge of which Williams was *acquitted*. Second, we note that Williams does not challenge the videotape evidence of the first interaction, which alone clearly shows Williams's selling cocaine to the officer. See *Quinn v. State*[3] ("jury had the opportunity to view the videotape and to observe [defendant] in the courtroom and could make their own identification from the tape").

More importantly, Williams's entire argument simply goes to challenge the credibility of the undercover officer. "The credibility of the undercover agent was for the jury," not for an appellate court. *Weldon v. State*.[4] Where a defendant argues on appeal only that evidence shows that the jury was not authorized to attribute any credibility to the undercover officer, we affirm, as "[c]redibility is an issue for the jury" and "[a]ppellate courts consider only the sufficiency not the weight of the evidence." *Cross v. State*.[5] Because "[t]he testimony of a single witness is generally sufficient to establish a fact" (OCGA § 24-4-8; see *Flemister v. State*[6]), the eyewitness testimony from the undercover officer identifying Williams as the seller combined with the videotape evidence of the transaction amply suffices to sustain Williams's conviction for selling cocaine. See *Sorrells v. State*;[7] *Moreland v. State*.[8]

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED FEBRUARY 15, 2006.

*Ronald R. Parker*, for appellant.

*Joseph K. Mulholland, District Attorney, Samuel M. Olmstead, Assistant District Attorney*, for appellee.

---

[3] *Quinn v. State*, 253 Ga. App. 570, 572 (1) (560 SE2d 58) (2002).
[4] *Weldon v. State*, 204 Ga. App. 221 (2) (419 SE2d 59) (1992).
[5] *Cross v. State*, 213 Ga. App. 275 (444 SE2d 589) (1994).
[6] *Flemister v. State*, 229 Ga. App. 8 (1) (492 SE2d 907) (1997).
[7] *Sorrells v. State*, 218 Ga. App. 413 (1) (461 SE2d 904) (1995).
[8] *Moreland v. State*, 213 Ga. App. 75 (1) (443 SE2d 701) (1994).