## A06A0716. BONNER v. THE STATE.
### (630 SE2d 127)

MILLER, Judge.

Following a jury trial, Alfonzo James Bonner was convicted of selling cocaine in violation of OCGA § 16-13-30 (b). Bonner appeals, claiming that the evidence was insufficient and that the trial court (i) erred in denying his motion to suppress identification testimony and (ii) improperly charged the jury regarding the factors it may consider in assessing the reliability of such testimony. We find no error and affirm.

Viewed in the light most favorable to the jury's verdict, the evidence shows that three undercover Georgia Bureau of Investigation (GBI) agents were traveling in an unmarked vehicle when they saw Bonner standing in the middle of a road on which they had previously purchased narcotics. Bonner approached the driver's side of the vehicle, and when the driver asked Bonner if he could "do anything," Bonner inquired "how much?" After the agent told Bonner he wanted a "hundred slab," Bonner called out to another man who, with Bonner and a third man present, sold $100 of crack cocaine to the agents.

The agents did not immediately arrest Bonner or the other men, but returned to a safe location with the drugs. Although Bonner's identity was unknown to the GBI agents, a videotape of the drug transaction was reviewed by local law enforcement officers, who recognized Bonner. These local law enforcement officers provided a mug shot of Bonner to one of the GBI agents, Agent Mitchell, who "immediately" identified Bonner as the man who had assisted in the sale of the cocaine. Bonner's arrest and conviction for violating the Georgia Controlled Substances Act followed.

1. Bonner claims that the evidence was insufficient to sustain his conviction. We disagree.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979).

Here, the jury heard the testimony of each of the GBI agents and watched the videotape of the drug transaction before rejecting Bonner's defenses of misidentification and mere presence at the scene of a crime. A rational trier of fact could have, based on this evidence, found Bonner guilty of the crime charged beyond a reasonable doubt. Therefore, Bonner's challenge to the sufficiency of the evidence is without merit. *Thomas v. State*, 260 Ga. App. 718, 719 (580 SE2d 665) (2003).

2. Bonner contends that the trial court erred in denying his motion to suppress the pre-trial and in-court identifications of him provided by the GBI agents. We disagree.

The State does not dispute that the pre-trial identification made by Agent Mitchell was suggestive. See *Talley v. State*, 137 Ga. App. 548, 552 (2) (224 SE2d 455) (1976) (finding that display of a single photograph is suggestive).

> We turn, then, to the central question, whether under the "totality of the circumstances" the identification was reliable even though the confrontation procedure was suggestive. As indicated by our cases, the factors to be considered in evaluating the likelihood of misidentification include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation.

*Neil v. Biggers*, 409 U. S. 188, 199-200 (III) (93 SC 375, 34 LE2d 401) (1972).

Here, the crime occurred outdoors on a clear afternoon. Agent Mitchell shook Bonner's hand, and Bonner was standing less than two feet from Agent Mitchell at the time the transaction was completed. Moreover, Agent Mitchell was an undercover agent who had been trained in observation and identification techniques. He observed Bonner during what he described as a "regular cocaine deal" and was able to focus his attention toward the identification of the perpetrators. After returning to a safe location, Agent Mitchell reviewed the videotape of the transaction and dictated an accurate physical description of Bonner. Finally, upon being presented with the mug shot of Bonner, Agent Mitchell evidenced a high level of certainty in "immediately" identifying him as the man who had assisted in the sale of the cocaine.

Although over three months passed between the time of the crime and Bonner's identification through his mug shot, we have held

that such a period is "not of such length as to undermine identification." *Crumbley v. State*, 189 Ga. App. 384, 385 (1) (375 SE2d 482) (1988) (finding sufficient indicia of reliability despite a five-month lapse of time between the crime and identification); see also *Cummings v. State*, 233 Ga. App. 806, 808-809 (4) (505 SE2d 73) (1998) (two-year period between crime and identification "did not give rise to a substantial likelihood of misidentification").

A trial court's order regarding the admissibility of identification testimony will be upheld on appeal unless clearly erroneous. *Felder v. State*, 260 Ga. App. 27, 31 (6) (579 SE2d 28) (2003). After a review of the "totality of the circumstances" (*Neil*, supra, 409 U. S. at 199), we hold that the trial court did not err in admitting testimony regarding Bonner's pre-trial identification by Agent Mitchell. See *Talley*, supra, 137 Ga. App. at 552 (upholding trial court's admission of identification testimony where use of single photograph, while suggestive, did not result in misidentification).

Similarly, the trial court properly allowed the in-court identifications of Bonner by each of the three GBI agents. In addition to the reasons supporting Bonner's pre-trial identification by Agent Mitchell, each of the agents observed Bonner during the drug transaction. Therefore, each of the agents had an independent basis for making his in-court identification, regardless of the suggestive nature of the pre-trial identification. *Mack v. State*, 251 Ga. App. 407, 410 (3) (554 SE2d 542) (2001) (holding that "given the evidence of an independent basis for [the] in-court identification, it was within the discretion of the trial court to allow the in-court identification testimony" regardless of the suggestive nature of the pre-trial identification); see also *Smith v. State*, 192 Ga. App. 144, 145 (2) (384 SE2d 677) (1989).

3. Bonner contends that the trial court improperly charged the jury regarding the factors it may consider in assessing the reliability of the identification testimony. The record shows, however, that Bonner did not raise any objection or request any change to be made to the jury charge that the trial court proposed and later delivered to the jury. As a result, he has waived the right to challenge the charge on appeal. *Tenorio v. State*, 261 Ga. App. 609, 611 (2) (583 SE2d 269) (2003).

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED APRIL 13, 2006.

*Gerald P. Word*, for appellant.
*Peter J. Skandalakis, District Attorney, Anne C. Allen, Assistant District Attorney*, for appellee.