A06A1631. JOHNSON v. THE STATE.
(637 SE2d 775)

JOHNSON, Presiding Judge.

A jury found James Chadwick Johnson guilty of possession of methamphetamine and possession of marijuana. He appeals from the convictions entered on the verdict, challenging the denial of his motion to suppress and the sufficiency of the evidence to support the

convictions. We agree that the evidence was insufficient to connect Johnson to the drugs found in Rhonda Johnson's residence, and reverse his convictions.[1]

1. Johnson contends the evidence was insufficient to support findings that he constructively possessed marijuana and methamphetamine. We agree.

On appeal, we view the evidence in a light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence.[2] We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.[3]

A deputy with the Upson County Sheriff's Office testified that officers received a call from a confidential informant stating that the informant had been to Rhonda Johnson's residence and noticed that she possessed methamphetamine there. Officers obtained a warrant to search the residence. The search warrant contained a provision authorizing officers to enter the residence without knocking.

Using a battering ram, officers entered the residence and identified themselves. Once inside, they saw a man sitting on a sofa. Officers found next to the man a small plastic bag containing methamphetamine. That man, James Avery, was charged with possessing those drugs. A woman and infant came out of a bathroom. A second man, Johnson, ran from the doorway of a bedroom toward the kitchen, but he was apprehended.[4] No evidence was presented that any contraband was found on or near Johnson's person.

Officers searched the bedroom from which Johnson was believed to have emerged. One of the officers noticed a ball of black electrical tape in a corner. This officer told another officer "you may want to take a look in that ball of tape . . . it may just be a ball of tape but you may just want to look in it, I don't know what —." They unraveled the tape and found five small plastic bags. Four of the bags contained methamphetamine and a fifth bag contained marijuana. In the same bedroom, officers found mail addressed to Rhonda Johnson.

---

[1] Although James Johnson and Rhonda Johnson share the same last name, it is not clear from the record how the two individuals are related.

[2] *Williams v. State*, 277 Ga. App. 633 (627 SE2d 196) (2006).

[3] Id.

[4] The officer initially testified that Johnson "came from this bedroom *door*." (Emphasis supplied.) Later the officer testified that Johnson came out of the *bedroom*. On cross-examination, however, the officer admitted that he never saw Johnson inside the bedroom, but that Johnson came from the direction of the bedroom.

Where the state provides no direct evidence of actual possession, a conviction may be sustained with proof of constructive possession.[5] To prove constructive possession, the state is required to show that although not in actual possession, the defendant knowingly had both the power and the intention at a given time to exercise control over the drugs.[6] Evidence merely showing that contraband was found in a residence occupied by the defendant is not sufficient to support a conviction, especially where other persons had equal access to the contraband and therefore an equal opportunity to commit the offense.[7]

There was no evidence that Johnson had the power or the intent to exercise control over the drugs.[8] The evidence showed that the home belonged to Rhonda Johnson, and that several other people were present at the residence when the drugs were discovered. No witness testified that Johnson resided on the premises or that he was even seen in the bedroom in which the drugs were found. The only officer who testified about the search stated that, as far as he could tell, Rhonda Johnson resided in that bedroom. Furthermore, the drugs were found in a corner, concealed in a ball of tape. The officer admitted the drugs were not visible through the tape.

Thus, even assuming the state proved that Johnson had been in the bedroom, the evidence is not sufficient to establish that he exercised control over the drugs or even knew the drugs were present. The only evidence presented at trial purportedly connecting Johnson to the drugs was that he ran from the doorway or direction of the bedroom, and that a ball of tape containing concealed drugs was found in a corner of that bedroom. It is well established that neither presence nor flight, nor both together, without more, is conclusive evidence of guilt.[9]

The evidence presented was not sufficient to prove that Johnson constructively possessed the drugs.[10] Therefore, his convictions must be reversed.

---

[5] *Francis v. State*, 231 Ga. App. 112, 113 (1) (497 SE2d 827) (1998).

[6] See *Parker v. State*, 232 Ga. App. 609, 610 (1) (a) (502 SE2d 310) (1998).

[7] *Johnson v. State*, 245 Ga. App. 583, 584 (538 SE2d 481) (2000).

[8] See id. (a connection can be made between a defendant and contraband found in his presence by evidence which shows that the contraband was discovered on premises occupied and controlled by the defendant with no right of equal access and control in others; such occupation and control may be inferred when the accused is the owner or tenant of the premises upon which the illicit drugs are discovered).

[9] *Myers v. State*, 193 Ga. App. 372, 373 (387 SE2d 640) (1989); *Denham v. State*, 144 Ga. App. 373, 374 (1) (241 SE2d 295) (1977); see generally *Scott v. State*, 238 Ga. App. 258, 259 (1) (518 SE2d 468) (1999).

[10] See *Hughes v. State*, 215 Ga. App. 6, 10 (449 SE2d 547) (1994); *Myers*, supra.

2. Based on the foregoing, we need not consider Johnson's remaining enumerations of error.

*Judgment reversed. Miller and Ellington, JJ., concur.*

DECIDED OCTOBER 20, 2006.

*Joyce A. Bussey*, for appellant.

*Scott L. Ballard, District Attorney, Josh W. Thacker, Assistant District Attorney*, for appellee.