A07A0851. BROWN v. THE STATE.
(646 SE2d 273)

BLACKBURN, Presiding Judge.

Following a jury trial, Craig Brown was convicted of trafficking in cocaine and of obstructing an officer (misdemeanor). Appealing his trafficking conviction only, Brown challenges the sufficiency of the evidence, arguing that no evidence connected him to the cocaine found in the house in whose yard he was standing when the police confronted him. We agree and reverse.

Construed in favor of the verdict, *Short v. State,*[1] the evidence shows that police persuaded a confidential informant to call Brown to arrange a drug deal for one ounce of cocaine. Brown agreed to the transaction and requested that the deal take place at a residential address. Accompanied by uniformed police in a marked car, the informant proceeded to the address, where he and the police saw Brown standing in the front yard of the residence.

Two officers approached Brown, and one began to pat him down while the other secured the residence. Brown pushed the officer and ran, only to be soon caught and arrested (for obstruction) by the officer. Both the arresting officer and the securing officer then approached the residence, viewing that the front door was open with only the glass storm door closed. Through the storm door, they could see into the living room, where they saw a little round glass table standing next to the front door, on which was a clear plastic bag in a ball shape; this bag appeared to contain about an ounce of powdered cocaine.

After entering the residence to ensure no one else was there, the officers then obtained a search warrant for the residence. Besides the suspected powdered cocaine on the table next to the door, they discovered two more possible packages of cocaine above the entertainment center in the living room. One had a powdery white substance and the other had a solid white substance. Not testing the

---

[1] *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

second package of powdery substance above the entertainment center, the crime lab determined that the first package of solid substance found above the entertainment center was crack cocaine and that the powdery substance found near the front door was powdered cocaine. The powdered cocaine found near the front door weighed 25.74 grams, and the solid cocaine found above the entertainment center weighed 10.76 grams.

Charged with trafficking in cocaine under OCGA § 16-13-31 (a) (1) and with misdemeanor obstruction of an officer, Brown at trial presented evidence from Brown's cousin who lived at the residence. She testified without contradiction that Brown did not live there but lived in a nearby city with his girlfriend. Brown had no key to the cousin's residence and did not have permission to enter the residence at will. The cousin's boyfriend stayed at the residence often during that time; he was subsequently incarcerated on drug charges. She further testified that Brown sometimes would come to her house to meet a second girlfriend, who would pick him up there.

The jury found Brown guilty on both charges. He appeals the trafficking conviction only, claiming no evidence showed he possessed the cocaine found in the house.

The State was required to prove that Brown knowingly possessed 28 grams or more of cocaine to sustain the trafficking conviction. See OCGA § 16-13-31 (a) (1). Possession may be constructive, but spatial proximity alone is insufficient to prove constructive possession of contraband. *Stevens v. State*.[2] "Mere presence, without proof of participation, is insufficient to support a conviction. Rather, the [S]tate must show that the defendant had the power and intent to exercise control over the cocaine." Id.

In that regard, *In re E. A. D.*[3] held that "[t]he State is required to produce evidence of some meaningful connection between the defendant and the contraband." *E. A. D.* explained:

> A connection can be made between a defendant and contraband found in his presence by evidence which shows that the contraband was discovered on premises occupied and controlled by the defendant with no right of equal access and control in others. Such occupation and control may be inferred when the accused is the owner or tenant of the premises upon which the illicit drugs are discovered. However, a mere occupant, as distinguished from a resident, does not necessarily have the requisite control over the premises

---

[2] *Stevens v. State*, 245 Ga. App. 237, 238 (1) (537 SE2d 688) (2000).
[3] *In re E. A. D.*, 271 Ga. App. 531, 532 (610 SE2d 153) (2005).

to authorize the inference that he possesses all property found thereon. If such were the case, a person's mere presence at the scene of the discovery of illegal drugs would authorize his conviction, and that plainly is not the law.

Id. at 532-533.

Here, police merely found Brown standing in the front yard of a residence which he did not lease or own. Indeed, unlike most cases where we have found insufficient evidence of possession, *Brown was not even an occupant of the residence but was merely standing outside in the yard.* Compare *Francis v. State*[4] (occupant of apartment not shown to be connected to drugs found in apartment; possession conviction reversed); *Mitchell v. State*[5] (reverses conviction even though defendant was an occupant of the premises where the contraband was found). A visitor standing outside the house when the officers arrive (with no evidence that the visitor had ever been in the residence that day) cannot be linked to contraband in the house based merely on spatial proximity. *Norton v. State.*[6]

The police found nothing in the residence that linked Brown to the residence such as clothing, bills, fingerprints, financial statements, photographs, records, books, or other personal belongings. They found no drugs on his person nor did they find anything on his person linking him to the house or its contents.

Rather, the only drugs they found were located inside the house in the living room near the front door and on top of an entertainment center in that same room. And to reach the threshold of 28 grams, the State had to prove that both packages of cocaine (the one containing powdered cocaine and the other containing solid cocaine) were constructively possessed by Brown. Thus, even if the cocaine in plain view (from just outside the front door) on the glass table near the front door could somehow be connected to Brown, the different form of cocaine found some distance away in a place (not visible from just outside the front door) on top of the entertainment center certainly could not.

The State points to Brown's attempt to flee as evidence linking him to the drugs. But we have expressly held that mere spatial proximity combined with flight is insufficient to connect a defendant to nearby contraband. See *Johnson v. State;*[7] *Myers v. State.*[8] Nor does the fact that Brown promised the informant an ounce of cocaine fill

---

[4] *Francis v. State*, 231 Ga. App. 112, 113 (1) (497 SE2d 827) (1998).

[5] *Mitchell v. State*, 150 Ga. App. 44, 46-47 (2) (256 SE2d 652) (1979).

[6] *Norton v. State*, 283 Ga. App. 790, 793 (2) (643 SE2d 278) (2007).

[7] *Johnson v. State*, 282 Ga. App. 52, 54 (1) (637 SE2d 775) (2006).

[8] *Myers v. State*, 193 Ga. App. 372, 373 (387 SE2d 640) (1989).

the evidentiary gap between him and the two packages of cocaine found in the house. Indeed, the evidence showed that another individual who was later incarcerated on drug charges lived at the residence at that time, which would give rise to an unrebutted reasonable hypothesis that this other individual possessed the drugs in question. See OCGA § 24-4-6 (when relying upon circumstantial evidence, State must present evidence excluding reasonable hypotheses of innocence).

Accordingly, we are compelled to reverse Brown's conviction for trafficking. See *Blount v. State*.[9] The obstruction conviction, which he did not challenge on appeal, is unaffected. This moots Brown's remaining enumerations of error.

*Judgment reversed. Ruffin and Bernes, JJ., concur.*

DECIDED APRIL 16, 2007 —
RECONSIDERATION DENIED MAY 10, 2007 — 

*Steven M. Harrison*, for appellant.
*Timothy G. Vaughn, District Attorney, Russell P. Spivey, Assistant District Attorney*, for appellee.

---

[9] *Blount v. State*, 181 Ga. App. 330, 332-333 (2) (352 SE2d 220) (1986).