A07A2413. THOMPSON v. THE STATE.
(657 SE2d 296)

JOHNSON, Presiding Judge.

A jury found Reginald Thompson guilty of selling cocaine. Thompson appeals, alleging the evidence was insufficient to support the jury's verdict. We find no error and affirm Thompson's conviction.

On appeal from a criminal conviction, we view the evidence in the light most favorable to support the jury's verdict, and the defendant no longer enjoys a presumption of innocence; moreover, this Court determines evidence sufficiency and does not weigh the evidence or determine witness credibility.[1] "Resolving evidentiary conflicts and inconsistencies, and assessing witness credibility, are the province of the factfinder, not this Court."[2] As long as there is some evidence, even though contradicted, to support each necessary element of the state's case, this Court will uphold the jury's verdict.[3]

Viewed in this light, the evidence at trial showed that Thompson sold an undercover agent "an off-white, rock-like substance [that] appeared to be cocaine." The substance was later analyzed at the state crime lab and returned with a positive finding for cocaine. As the undercover agent drove away, he radioed two other agents who were at the motel, but out of sight of the transaction. He told the agents that he had bought cocaine from two men, whom he described in detail, in the area of rooms 123 and 148. The two agents immediately moved to the scene and saw Thompson's co-defendant standing in front of room 123. They detained the co-defendant a few minutes until the undercover agent returned and identified the co-defendant and Thompson as the men from whom he had purchased the cocaine. In addition, the drug transaction was audio recorded by the undercover agent, and the audio tape was admitted into evidence and published to the jury.

In a three-paragraph argument, Thompson contends the evidence was insufficient to support his conviction of selling cocaine to an undercover agent because "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." Thompson cites Code Section 16-1-5, which provides that every person is presumed innocent until proven guilty and that a crime must be proven beyond a

---

[1] *Bonner v. State*, 278 Ga. App. 855 (1) (630 SE2d 127) (2006).

[2] (Citation omitted.) *Odett v. State*, 273 Ga. 353, 353-354 (1) (541 SE2d 29) (2001).

[3] *Parnell v. State*, 260 Ga. App. 213, 218 (6) (581 SE2d 263) (2003).

reasonable doubt, but he does not offer any facts supporting his contention that the state failed to prove his guilt beyond a reasonable doubt.

Here, the undercover agent identified Thompson as the individual who sold him the cocaine and testified regarding details of the transaction. This testimony is not refuted, and an audio tape of the transaction was played for the jury. Because the testimony of a single witness is generally sufficient to establish a fact, the eyewitness testimony from the undercover agent identifying Thompson as the seller, corroborated by the audio tape and the testimony of other officers at the scene, suffices to sustain Thompson's conviction for selling cocaine.[4]

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED JANUARY 29, 2008.

*Emory B. Bazemore,* for appellant.

*Spencer Lawton, Jr.,* District Attorney, *Isabel M. Pauley,* Assistant District Attorney, for appellee.

---

[4] See *Williams v. State,* 277 Ga. App. 633, 634 (627 SE2d 196) (2006); *Hill v. State,* 205 Ga. App. 475 (1) (422 SE2d 564) (1992) (evidence that an agent positively identified defendant as the perpetrator of the crime is sufficient to authorize the jury's finding of guilt).