**THIRD DIVISION**
**MCFADDEN, C. J.,**
**DOYLE, P. J., and HODGES, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**January 7, 2021**

# In the Court of Appeals of Georgia

A20A1728. POTEET v. THE STATE.

HODGES, Judge.

A jury convicted Mari Wilene Poteet of possession of methamphetamine (OCGA § 16-13-30 (a)). Poteet appeals, contending that the evidence against her is insufficient to sustain her conviction and that her trial counsel was ineffective. For the reasons that follow, we agree that the evidence is insufficient and we reverse her conviction.

"On appeal from a criminal conviction, a defendant no longer enjoys the presumption of innocence, and the evidence is viewed in the light most favorable to the guilty verdict." (Citation omitted.) *Walker v. State*, 349 Ga. App. 188 (825 SE2d 578) (2019).

So viewed, the evidence shows that, following a controlled buy of methamphetamine from Douglas Cathey by a confidential informant, police executed a search warrant for Cathey's home. Poteet was inside Cathey's home at the time. During the search of the home, police located a glass pipe inside a flower pot. The pipe tested positive for methamphetamine. The pipe also had a red tint on it that looked to the police officers like residue from red or purple lipstick. Both Cathey and Poteet denied ownership of the pipe. When police and a parole officer at the scene asked Poteet if she would pass a drug test for methamphetamine, she responded that she did not know if she would. Specifically, Poteet told them that she used methamphetamine approximately three days prior.

Importantly, no evidence was introduced that the pipe had been tested for finger prints or DNA, or that the reddish substance on the pipe was tested to confirm if it was lipstick. There was also not evidence that Poteet owned any lipstick, nor that any lipstick was found in the search of Cathey's home. Lastly, there was no evidence that the pipe had been recently smoked.

Poteet was arrested and indicted for possession of methamphetamine. Following a jury trial, she was convicted. The trial court denied Poteet's motion for new trial, as amended, and she now appeals.

1. Poteet contends the evidence against her is insufficient to sustain her conviction.[1] We agree.

It is well-settled that

> [w]hen an appellant challenges the sufficiency of the evidence to support [her] conviction, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. The appellant no longer enjoys a presumption of innocence, and an appellate court determines only the legal sufficiency of the evidence and does not weigh the evidence or assess the credibility of the witnesses.

(Citations and punctuation omitted.) *Armstrong v. State*, 298 Ga. App. 855, 856 (1) (681 SE2d 662) (2009). However, even under this forgiving standard, "the State is required to produce evidence of some meaningful connection between the defendant and the contraband." (Citation and punctuation omitted.) *Brown v. State*, 285 Ga. App. 330, 331 (646 SE2d 273) (2007).

---

[1] We note that counsel for Poteet failed to cite any case law whatsoever in support of this enumeration. Accordingly, we could deem the enumeration abandoned. See, e.g., *Smith v. State*, 214 Ga. App. 631, 633 (4) (448 SE2d 906) (1994); Court of Appeals Rule 25 (c). In the interest of justice, however, we will exercise our discretion to address the enumeration.

Poteet was convicted for possession of methamphetamine as a result of the pipe with drug residue being found in the flower pot in Cathey's residence.

> A person who knowingly has direct physical control over a thing at a given time is in actual possession of it. A person who, though not in actual possession, knowingly has both the power and intention at a given time to exercise dominion or control over a thing is then in constructive possession of it. The law recognizes that possession may be sole or joint. If one person alone has actual or constructive possession of a thing, possession is sole. If two or more persons shared actual or constructive possession of a thing, possession is joint.

(Citation and punctuation omitted.) *Blount v. State*, 181 Ga. App. 330, 332 (2) (352 SE2d 220 (1986). Under Georgia law, although

> [p]ossession [of drugs] may be constructive, . . . spatial proximity alone is insufficient to prove constructive possession of contraband. Mere presence, without proof of participation, is insufficient to support a conviction. Rather, the State must show that [Poteet] had the power and intent to exercise control over the [drugs].

(Citations and punctuation omitted.) *Brown*, 285 Ga. App. at 331. Indeed,

> [a] connection can be made between a defendant and contraband found in [her] presence by evidence which shows that the contraband was discovered on premises occupied and controlled by the defendant with no right of equal access and control in others. Such occupation and

4

control may be inferred when the accused is the owner or tenant of the premises upon which the illicit drugs are discovered. However, a mere occupant, as distinguished from a resident, does not necessarily have the requisite control over the premises to authorize the inference that [she] possesses all property found thereon. If such were the case, a person's mere presence at the scene of the discovery of illegal drugs would authorize [her] conviction, and that plainly is not the law.

(Citation omitted.) Id. at 331-332.

As no direct evidence connects [Poteet] to the [pipe with methamphetamine residue] found in the [flower pot in Cathey's residence], if [her] conviction for possession of [methamphetamine] is to be sustained it must be based upon circumstantial evidence. When a conviction depends entirely on circumstantial evidence, however, the circumstantial evidence must be consistent with the hypothesis of guilt and must exclude every other reasonable hypothesis.

*Morrison v. State*, 220 Ga. App. 151, 153 (1) (a) (469 SE2d 686) (1996).

Here, it is undisputed that Poteet was not in actual possession of the drugs, which were found inside of a flower pot in a residence which is neither owned nor occupied by Poteet. The evidence relied upon by the State to connect Poteet to the drugs on the pipe, other than her presence in the residence where it was located, is the presence of a substance which may or may not be lipstick residue on the pipe,

5

Poteet's gender, and Poteet's admission that she smoked methamphetamine recently enough that she might fail a drug screen. That is all.

There is no evidence that the residue on the pipe is actually lipstick. Even if we assume the residue is lipstick, there is no evidence that Poteet owned any lipstick, let alone the particular lipstick found on the pipe. The mere presence of a pipe with lipstick on it in the vicinity of a female does not constitute direct evidence of possession by that female, as the State essentially argues. Likewise, nor does the presence of lipstick on a pipe definitively eliminate the possibility that the drugs on the pipe are possessed by a male, particularly when that male is the owner of the residence, as the State essentially argues.[2] Moreover, there is no evidence as to when the pipe was last smoked, let alone that it was smoked during the time Poteet was at Cathey's house. There is also no DNA or fingerprint evidence linking Poteet to the drug-laced pipe. Indeed, the totality of the evidence against Poteet is that she is a female drug user in the vicinity of a pipe in someone else's house that had drug, and

---

[2] Indeed, in support of its exoneration of Cathey as the owner of the pipe due to the presence of lipstick on it, the State asked the following questions: "Detective, based upon your observations and what you saw of Mr. Cathey, the fact that he was in [a] relationship with Ms. Poteet, did he appear to be a heterosexual male?" and "Based upon your observations of him, did you have any concern that he would be any different than a typical male in the northern parts of Georgia?" The reliance upon gender stereotypes only highlights the deficiencies in the evidence in this case.

potentially lipstick, residue on it. This is insufficient circumstantial evidence to prove Poteet's possession of the drugs, as it does not exclude every other reasonable hypothesis – such as that the methamphetamine on the pipe was solely possessed by Cathey, the actual owner of the residence, or that it had been possessed by a different person who was a prior guest in Cathy's home. See *Morrison*, 220 Ga. App. at 152 (1) (a) ("When the circumstantial evidence supports more than one theory, one consistent with guilt and another with innocence, it does not exclude every other reasonable hypothesis except guilt and is not sufficient to prove the defendant's guilt beyond a reasonable doubt. While the determination of whether the circumstances are sufficient to exclude every reasonable hypothesis except that of defendant's guilt is usually made by the jury and while we must view the evidence in the light most favorable to the jury verdict, we must not be blinded by that verdict when a reasonable hypothesis of innocence appears from the evidence or lack thereof, and may declare such as a matter of law.") (citations and punctuation omitted).

Accordingly, Poteet's conviction must be reversed. See, e.g., *Brown*, 285 Ga. App. at 331-333 (holding that evidence was insufficient to support conviction of known drug dealer for trafficking who was standing in front of a home with drugs inside, even though he fled the scene, when there was nothing connecting the

defendant to the contents of the house); *Stevens v. State*, 245 Ga. App. 237, 239 (1) (537 SE2d 688) (2000) (holding that evidence was insufficient to support conviction when defendant was present in a different room of a house from where drugs were located and nothing connected the defendant to the contents of the house); *Morrison*, 220 Ga. App. at 152-153 (1) (a) (holding that evidence was insufficient to support conviction related to large amount of drugs located behind a refrigerator when defendant did not reside in the house, was one of multiple adults in the house at the time police arrived, and nothing connected the defendant to the drugs); *Blount*, 181 Ga. App. at 332-333 (2) (holding that evidence was insufficient to sustain conviction of defendant who was present at the time a search warrant was executed because nothing connected him to the drugs in the house or in his wife's car; the fact that men's clothing was in his wife's trunk where the drugs were located did not connect the defendant because there was no evidence regarding to whom the clothes belonged).

2. In light of our decision in Division 1, we need not address Poteet's other enumeration of error.

*Judgment reversed. McFadden, C. J., and Doyle, P. J., concur*.